1  Donna Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

8

                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11
   TOM CHAU, individually and on behalf of    Case No.
12 all others similarly situated,
                                              DEFENDANT INTERNATIONAL
13              Plaintiff,                     BUSINESS MACHINES
                                              CORPORATION'S NOTICE OF
14     v.                                     REMOVAL OF CIVIL ACTION
                                              FROM STATE COURT
15 International Business Machines, a
   Corporation, and DOES 1-20, inclusive,     [28 U.S.C. §§ 1332, 1441(B) AND 1446]
16
                Defendant.
17

18      TO THE CLERK OF THE ABOVE ENTITLED COURT:

19      PLEASE TAKE NOTICE THAT International Business Machines Corporation

20 ("Defendant"), Defendant in the above-titled action, hereby removes this matter to the United

21 States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332, § 1441,

22 and § 1446.  The grounds for removal are as follows:

23                    **Compliance with Statutory Requirements**

24      1.      On or about May 31, 2007, Plaintiff Tom Chau ("Plaintiff") filed a Class Action

25 Complaint in the Superior Court of the State of California for the County of Alameda, Case No.

26 RG 07328692, captioned *Tom Chau, individually and on behalf of all others similarly situated, v.*

27 *International Business Machines, a Corporation, and Does 1-20, inclusive.*  In his Complaint,

28

1    Plaintiff asserts claims for Failure to Pay Overtime Wages (California Labor Code §§ 203, 218,

2    510, 1194 and 1198); Failure to Provide Meal and Rest Periods (California Labor Code § 226.7);

3    and Violation of Business & Professions Code (California Business & Professions Code

4    §§ 17200 and 17203).

5         2.     In this matter, Plaintiff seeks class action certification of a class that would include

6    all individuals "who, at any time from May 31, 2003, up until date of entry of judgment after trial,

7    are or were employed by Defendant in California as sales specialists." Complaint ¶ 14. For his

8    part, however, Chau did not hold the title of "sales specialist" at any point relevant to this

9    litigation; rather, he held positions entitled LC/DS Sales Representative and Advanced Sales

10   Specialist Software. Nevertheless, at all times during his employment, IBM employed Chau as an

11   exempt, outside sales representative, and the Company employs and has employed in California

12   other exempt, outside sales representatives who hold or held a number of different job titles. As

13   such, Defendant understands and believes that Chau seeks to include in his putative class all

14   exempt, outside sales representatives whom IBM employed during the class period in the State of

15   California.

16        3.     On June 8, 2007, Plaintiff served Defendant with a Class Action Summons.

17   Plaintiff did not serve Defendant with a copy of the complaint at that time. On July 2, 2007,

18   Plaintiff completed service by serving Defendant with a copy of his Complaint. *See* Cal. Code of

19   Civ. Pro. § 415.10, *et seq.* Defendant's removal of this action is timely because Defendant is

20   removing this matter within 30 days of Plaintiff's completion of service. *See* 28 U.S.C.

21   § 1446(b).

22        4.     In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and

23   correct copies of all process, pleadings, and orders in this action.

24        5.     Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

25   of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with

26   the Clerk of the Superior Court of the State of California, County of Alameda.

27

28



**Intradistrict Assignment**

6.     Plaintiff filed this case in the Superior Court of California, County of Alameda; therefore, this case may properly be removed to the Oakland Division or San Francisco Division of the Northern District of California. *See* 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (d), 3-5(b).

**Jurisdiction**

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2). Both requirements are satisfied in this case.

8.     In this matter, diversity of citizenship exists because the primary defendant and at least one proposed class member are citizens of different states. *See* 28 U.S.C. § 1332(d)(2). Specifically, Defendant is a citizen of New York. S*ee* 28 U.S.C. § 1332(c)(1). Defendant is a corporation incorporated under the laws of the State of New York, with a principal place of business in that State. *See* Complaint ¶ 4. Based upon information and belief, Plaintiff Tom Chau was a citizen of California at the time he filed this action, and he still is. Moreover, Plaintiff's putative class consists of persons who "are or were employed by [Defendant] in California as sales specialists." *Id.* at ¶ 14.

9.     Further, though Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See* 28 U.S.C. § 1332(d). While the Complaint does not allege a specific dollar amount in damages, Plaintiff seeks unpaid wages (including overtime premiums), penalty wages, waiting time penalties, meal and rest break penalties, and attorneys' fees on behalf of himself and each of the purported class members. Complaint ¶¶ 28, 30, 37.

10.     Standing alone, Plaintiff's overtime claims as to Defendant's <u>current</u> exempt, outside sales employees in California establish an amount in controversy that exceeds $5,000,000.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT



1  Specifically, as of June 29, 2007, Defendant employed approximately 800 individuals in exempt,

2  outside sales positions in the State of California, and the average tenure of these employees was

3  approximately 86 weeks.  *See* Declaration of James R. Bleier ("Bleier Dec."), attached as Exhibit

4  B, ¶ 4.  Further, the average monthly salary of these employees, as of June 29, 2007, was

5  $8,694.54.  *See* Bleier Dec., ¶ 4.  Thus, assuming that these individuals averaged even one hour

6  per week of uncompensated overtime during their tenure, the amount in controversy in this matter

7  would be $5,176,595. [1]  *Cf.* Cal. Code of Civ. Pro. § 338(a) (establishing a three year statute of

8  limitations for Plaintiff's Failure to Pay Overtime Claim); Cal. Bus. and Prof. Code § 17203

9  (establishing a four-year statute of limitations applicable to Plaintiff's Violation of Business &

10  Professions Code claim).

11        11.    In fact, the amount in controversy in this matter is substantially <u>higher</u> than

12  $5,176,595.  As noted, the data and calculations referenced in the preceding paragraph involve

13  only current exempt, outside sales employees in the State of California, and they relate only to

14  claims for overtime pay.  Since June 2003, IBM has employed other exempt, outside sales

15  employees in California who are no longer with the company or are no longer in outside sales

16  positions, but who fall within the Plaintiff's putative class definition.  The $5,176,595 figure

17  listed in the previous paragraph does not include amounts in controversy as to such outside sales

18  employees.  Further, this calculation does not include potential damages related to Plaintiff's

19  claims for penalty wages, waiting time penalties, meal and rest break penalties, and attorneys'

20  fees.  In addition, the regular rate of pay used to calculate the potential amount in controversy set

21  forth in the previous paragraph does not factor in commission payments, which, if added to

22  

23          [1] The amount in controversy was calculated as follows:

   Step 1:  Divide the average yearly salary by 2080 hours to derive the average regular rate of pay
24  (*see* Cal. Lab. C. § 515(d)); then multiply the average regular rate by 1.5 to calculate the average
   overtime rate of pay:

25        104,334.48 ÷ 2080 x 1.5 = 75.2412

26  Step 2:  Multiply the average overtime rate of pay by one hour of overtime and then by the
   average tenure for current outside sales employees (86 weeks) to calculate the average overtime
27  amount per employee; then multiply that amount by the number of current outside sales
   employees:

28        75.2412 x 86 x 800 = 5,176,595

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1  salary, would increase the regular rate of pay and the resulting calculation of the amount in

2  controversy. In short, this matter plainly exceeds the minimum amount-in-controversy

3  requirement for CAFA diversity jurisdiction.

4       12.    In alleging the amount in controversy, Defendant does not concede that Plaintiff

5  ever worked more than forty hours per workweek, or more than eight hours per day, or that he is

6  entitled to overtime pay. Nor does Defendant concede that any or all of its current or former

7  outside sales employees in California are appropriately included in the putative class.

8       WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

9  Court of the State of California, County of Alameda.

10  Dated: July 9, 2007                          Respectfully submitted,

11                                               JONES DAY

12

13                                               By: _____

14                                                   Donna M. Mézias
                                                     Attorneys for Defendant
15                                                   INTERNATIONAL BUSINESS
                                                     MACHINES CORPORATION

16

17  SFI-566763v4

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
                                               FROM STATE COURT

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
International Business Machines, a Corporation, and
DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Tom Chau, individually and on behalf of
all others similarly situated



*5571281*

# FILED
ALAMEDA COUNTY

MAY 31 2007

Exec. Off. Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court<br>1221 Oak Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*  07328692 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin J. McInerney, Esq.     McInerney & Jones
Kelly McInerney, Esq.     18124 Wedge Parkway #503  Reno, NV 89511    Phone: (775) 849-3811

DATE: MAY 31 2007    PAT S. SWEETEN, Clerk, by _____ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*    Page 1 of 1

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin J. McInerney, SBN 46941
Kelly McInerney, SBN 200017
18124 Wedge Pkwy #503
Reno, NV 89511
TELEPHONE NO.: (775) 849-3811    FAX NO.: (775) 849-3866
ATTORNEY FOR (Name): Plaintiff Tom Chau

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Main

CASE NAME:
Tom Chau v. International Business Machines

**FILED**
ALAMEDA COUNTY
MAY 31 2007
Exec. Off. Clerk

*5671285*

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
| --- | --- | --- |
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG 07328692 |
| | | JUDGE: |
| | | DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): 3

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/31/07

Kevin J. McInerney
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior C___ of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Chau v. International Business Machines | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13


*5671278*

1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   McINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:      (775) 849-3811
   Facsimile:      (775) 849-3866
5

6  Attorneys for Plaintiff

7

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                        **COUNTY OF ALAMEDA**

11                         BY FAX

12

13  **TOM CHAU**, individually and on behalf of      Case No.:  RG07328692
    all others similarly situated,

14
                        Plaintiff,
15
            v.                                        **CLASS ACTION COMPLAINT FOR:**
16

17  **INTERNATIONAL BUSINESS**                        (1)  Violation of California Labor Code for
    **MACHINES**, a Corporation, and **DOES 1-**           Failure to Pay Overtime Wages
18  **20**, inclusive,
                                                      (2)  Violation of Labor Code §226.7
19                      Defendants.
                                                      (3)  Violation of Business & Professions
20                                                         Code §§17200 and 17203

21

22                    **THIS IS A CLASS ACTION LAWSUIT**

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT                                                        PAGE 1

FILED
ALAMEDA COUNTY

MAY 3 1 2007

Exec. Off. Clerk

1    Plaintiff, individually and on behalf of all others similarly situated, complains and alleges

2    as follows:

3                                        I.

4                        JURISDICTION AND VENUE

5        1.    This class action is brought pursuant to §382 of the California Code of Civil

6    Procedure.  The monetary claims sought by plaintiff exceed the minimal jurisdictional limits of

7    the Superior Court and will be established according to proof at trial. The monetary claims

8    sought on behalf of the class as aggregate class claims exceed those jurisdictional limits as well.

9

10       2. ˌ    Venue is proper in the Alameda County Superior Court because the plaintiff

11   resided in this county during the class period while employed by the defendant.

12

13       3.    To the extent any class member entered into any arbitration agreement with any

14   defendant and such agreement purported to require arbitration of wage or employment disputes,

15   any such agreement is and was void and unenforceable.  Any such agreement was one of

16   adhesion, was executed under duress, lacked consideration and mutuality, and failed to provide

17   that the defendant(s) would pay the costs of any arbitration, and was otherwise void under the

18   California Supreme Court case of Armendariz v. Foundation Health Psychcare Services, Inc..

19

20       4.    The defendant International Business Machines Corporation (hereinafter "IBM"

21   or "defendant") is a corporation believed to be incorporated and headquartered in New York.

22

23       5.    This action is brought solely pursuant to California law.  The overtime and

24   related questions and remedies relating thereto are based solely on California law and statutes,

25   including the California Labor Code and the Business & Professions Code.

26

27       6.    At all times relevant IBM did business in California and engaged in the retail sales

28   of its products including both computer hardware and software products in this state.  In

CLASS ACTION COMPLAINT                                              PAGE 2

1   connection with this activity it employed the plaintiff and others as sales specialists.

2

3        7.     The true names and capacities of defendants named herein as DOES 1 through 20

4   inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who

5   therefore sues such defendants under fictitious names pursuant to California Code of Civil

6   Procedure §474. Plaintiff is informed and believes, and thereon alleges, that these defendants,

7   DOES 1 through 20, are in some manner or capacity, and to some degree, legally responsible and

8   liable for the wrongs of which plaintiff complains. Plaintiff will amend his complaint to allege

9   the true names and capacities of these DOE defendants once they are ascertained. On

10  information and belief, plaintiff makes all allegations contained in this complaint against all

11  defendants, including DOES 1 through 20, inclusive.

12

13       8.     At all times herein mentioned, each defendant was an agent, servant, employee

14  and/or joint venturer of each of the remaining defendants, and was at all times acting within the

15  course and scope of such agency, service, employment, and/or joint venture, and each defendant

16  has ratified, approved, and authorized the acts of each of the remaining defendants with full

17  knowledge of said acts.

18

19       9.     The plaintiff, Tom Chau, is a former employee of defendant. Mr. Chau began

20  working for the defendant as a sales specialist in approximately December 2000 and left

21  defendant's employ in approximately May 2004. During this time his primary duty, like other

22  sales specialists, was the sales of defendant's products. His sales area was the San Francisco

23  territory. He sold hardware and later software. The plaintiff and other sales specialists employed

24  in California during the class period received the majority of their income from salary and not

25  commissions. The majority of their sales work was done from a home office or an office of the

26  defendant. A large portion of their time was spent in liaison with or in conference calls with co-

27  workers.

28

---

CLASS ACTION COMPLAINT                                             PAGE 3

1    10.    The named plaintiff and other sales specialists employed by defendant in

2  California are/ were routinely required to work in excess of eight (8) hours a day and/or forty

3  (40) hours per week without receiving overtime compensation or the meal and rest breaks

4  required by California law.

5

6    11.    Plaintiff brings this action on her own behalf and on behalf of all other such

7  current and former employees similarly situated, as well as on behalf of the California public.

8

9    12.    Labor Code §1174(d) and the IWC Orders (Section 5) provide that every

10  employer shall keep accurate information with respect to each employee including time records

11  showing when the employee begins and ends each work period.  When an employer fails to keep

12  such time records, employees may establish the hours worked solely by their testimony and the

13  burden of overcoming such testimony shifts to the employer.  Hernandez v. Mendoza (1988) 199

14  Cal.App.3d 721, 245 Cal.Rptr. 36.

15

16    13.    Some evidence generally reflecting the number of overtime hours worked by each

17  employee and the compensation rates for the relevant work periods are in the possession of

18  defendant.  While plaintiff is unable to state at this time the exact amount owing to the class,

19  plaintiff proposes to obtain such information by appropriate and focused discovery proceedings

20  to be taken promptly in this action, and requests that damages or restitution be awarded

21  accordingly to proof thus obtained and presented to the court.

22

23    14.    Plaintiff brings this action individually and as a class action on behalf of the

24  following class:

25          All persons who, at any time from May 31, 2003, up until the date of entry
            of judgment after trial, are or were employed by International Business
26          Machines Corporation in California as sales specialist.

27    15.    Plaintiff's claims are typical of the claims of the class because plaintiff and all the

28

---

CLASS ACTION COMPLAINT

1   class members were harmed by defendant's failure to pay overtime and meal and rest break

2   wages as required by California law. Defendant's policies with respect to the hours worked are

3   and were uniform throughout California and the employees under uniform written procedures.

4

5        16.    Plaintiff is a representative party who will fully and adequately protect the

6   interests of the class members. He has retained counsel who are competent in both class action

7   and employment litigation. Plaintiff has no interests which are contrary to or in conflict with

8   those of the class she seeks to represent.

9

10       17.    The number of class members is believed to exceed one hundred (100)

11  individuals, which makes it impractical to bring all members of the class individually before the

12  Court, and the identities of the members of the class are determinable from the records of the

13  defendant, as are the days worked and the regular rate of pay for each class member.

14

15       18.    A class action is superior to other available means for the fair and efficient

16  adjudication of this lawsuit. Even if any class member could afford individual litigation against

17  a large business like IBM, it would be unduly burdensome to the court system. Individual

18  litigation magnifies the delay and expense to all parties. By contrast, a class action presents far

19  fewer management difficulties and affords the benefits of unitary adjudication, economies of

20  scale, and comprehensive supervision by a single court. Concentrating this litigation in one

21  forum will promote judicial economy and parity among the claims of individual class members

22  and judicial consistency. Notice of the pendency and any resolution of this action can be

23  provided to class members by mail, print, broadcast, internet, and/or multimedia publication.

24

25       19.    This type of case is uniquely well-suited for class treatment since the employer's

26  practices were uniform and the burden is on the employer to prove any exemption.

27

28

CLASS ACTION COMPLAINT                                  



20.    Many issues of law or fact are common and they predominate over any individual questions. These common issues include:

a.    Whether defendant's sales specialists were uniformly classified as exempt, in violation of California Labor Code and applicable IWC wage orders;

b.    Whether defendant failed to pay plaintiff and class members all overtime compensation due them, in violation of California Labor Code and applicable IWC wage orders;

c.    Whether plaintiff and class members were expected to and/or mandated to regularly work overtime;

d.    Whether the position of sales specialist  realistically required class members to be primarily engaged in non-management work;

e.    Whether the defendant failed to pay plaintiff and class members meal and rest break wages in violation of California Labor Code §226.7;

f.    The correct statute of limitations for plaintiff's and class members' claims;

g.    The correct method of calculating back overtime pay;

h.    Whether defendant's conduct constitutes unfair competition within the meaning of California Business & Professions Code §§17200 and 17203;

I.    Whether defendant's conduct constitutes unfair business practices within the meaning of California Business & Professions Code §§17200 and 17203;

j.    Whether plaintiff and class members are entitled to injunctive relief prohibiting defendants from requiring sales specialists who do not meet the statutory and regulatory guidelines for exemption from working more than eight (8) hours per day or forty (40) hours a week in any work week without pay for overtime wages;

k.    Whether plaintiff and class members are entitled to restitution;

l.    Whether defendant is liable for pre-judgment interest;

m.    Whether defendant is liable for attorney's fees and costs; and

n.    Whether plaintiff and class members are entitled to waiting time penalties.

## II.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**Violation of California Labor Code §§ 203, 218, 510, 1194 and 1198**

**(As Against All Defendants)**

21.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

22.     California Labor Code §510 defines a day's work as 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay.

23.     Pursuant to California Labor Code §§ 218 and 1194(a), a plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorney's fees and costs.

24.     Pursuant to California Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.  IWC Wage Order No. 7 applies to plaintiff's employment.  It provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two times an employee's regular rate of pay.

25.     In California, all employees are presumed to be non-exempt and all exemptions are narrowly construed against the employer.  Ramirez v. Yosemite Water Co., Inc. (1999) 20 Cal.4th 785;  Nordquist v. McGraw-Hill Broadcasting Co. (1995) 32 Cal.App.4th 555.

---

CLASS ACTION COMPLAINT                                                                PAGE 7

26.     Plaintiff and other sales specialists have been expected to work in excess of 8 hours in a day and/or 40 hours in a week.

27.     As a uniform practice, IBM failed to keep the records of hours worked by its employees as required by California's wage orders. However, records of the rates of pay for plaintiff and the class members are in the possession or within the custody and control of the defendant.

28.     IBM owes plaintiff and the class overtime wages according to proof at the time of trial. Plaintiff is informed and believes, and thereon alleges, that IBM knew or should have known that the sales specialists did not qualify as exempt employees and purposely elected not to pay them for their overtime labor. Plaintiff, individually and on behalf of all employees similarly situated, requests recovery of overtime compensation according to proof, penalty wages, interest, attorney's fees and costs pursuant to Labor Code §§203 and 1194(a), as well as the assessment of any other statutory penalties, including waiting time penalties, against IBM in a sum as provided by the Labor Code and/or other statutes.

### III.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND BREAK PERIODS

### Violation of California Labor Code §226.7

29.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

30.     Defendant failed to provide the class members with their required meal breaks and rest periods, as required under Wage Order 5. As a result plaintiff and other sales specialists routinely did not receive such breaks during their business days. Accordingly, the class members are entitled to one additional hour of pay for each violation, in an amount to be proved at trial,

1    plus interest thereon and statutory penalties, attorney fees and costs.

2

3                                          IV.

4                          **THIRD CAUSE OF ACTION**

5    **VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 and 17203**

6                          **(As Against All Defendants)**

7          31.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

8    though fully set forth in detail herein.

9

10         32.    Since May 31, 2003, IBM has engaged and continues to engage in unfair

11   and/or unlawful business acts and practices in violation of California Business & Professions

12   Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair

13   and/or unlawful business activity defined by Business & Professions Code §17200, and justify

14   the issuance of an injunction, restitution, and other equitable relief pursuant to Business &

15   Professions Code §17203.

16

17         33.    IBM has unlawfully failed to pay to its California sales specialists overtime wages

18   and other benefits in violation of Labor Code §200 et seq., Labor Code §500 et seq., Labor Code

19   §1100 et seq., the California Code of Regulations, and the guidelines set forth by the IWC,

20   including meal and rest breaks.

21

22         34.    The conduct of IBM is inimical to the public welfare since it transgresses

23   civil statutes of this state designed to protect workers from exploitation.

24

25         35.    IBM's conduct in misclassifying plaintiff and other members of the class and

26   failing to pay overtime and provide meal and rest breaks was unfair within the meaning of

27   §17200 because it was against established public policy and has been pursued to attain an

28   unjustified monetary advantage by creating personal disadvantage and hardship to its employees.

---

**CLASS ACTION COMPLAINT**



36.    By and through its unfair and/or unlawful business practices and acts described herein, IBM has obtained valuable services from plaintiff and all persons similarly situated and has deprived plaintiff and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

37.    Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which IBM has acquired, or of which plaintiff and class members have been deprived by means of the herein described unfair and/or unlawful business practices.

38.    Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair and unlawful, and injunctive relief restraining IBM from engaging in any of the herein described unfair and/or unlawful business practices at all times in the future.

Dated: May 31, 2007                                    MCINERNEY & JONES

                                                       By: _____
                                                       Kevin J. McInerney, Esq.
                                                       Attorneys for Plaintiff

McINERNEY & JONES
Attn: McInerney, Kevin J.
18124 Wedge Parkway #503
Reno, NV  89511

International Business Machines

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Chau

Plaintiff/Petitioner(s)

vs.

International Business Machines

Defendant/Respondent(s)
(Abbreviated Title)

No. RG07328692

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/20/2007   TIME: 11:00 AM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/27/2007   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6157.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated:  06/01/2007                                Executive Officer / Clerk of the Superior Court

                              By    _____
                                                        Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/01/2007.

                              By    _____
                                                        Deputy Clerk



*5679521*

110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin J. McInerney, 46941
MC INERNEY & MC INERNEY
18124 Wedge Parkway Suite 503
Reno, NV 89511
 TELEPHONE NO.: (775) 849-3811
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA 94612-4293

FOR COURT USE ONLY

**FILED**
ALAMEDA COUNTY

JUN 1 4 2007

CLERK OF THE SUPERIOR COURT
By_____
                          Deputy

PLAINTIFF/PETITIONER: Tom Chau

DEFENDANT/RESPONDENT: International Business Machines

CASE NUMBER:
RG 07328692

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
IBM

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons

# BY FAX

3. a. Party served: International Business Machines

   b. Person Served: Vivian Imperial - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) or (date): June 8, 2007      (2) at (time): 3:10 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   International Business Machines

   under:    CCP 415.95 (Business Organization Form Unknown)

7. **Person who served papers**
   a. Name:       Jimmy Lizama
   b. Address:    One Legal, Inc. - 132-Marin
                  504 Redwood Blvd #223
                  Novato, CA  94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: June 13, 2007

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

FF# 6642143

# EXHIBIT B



1  Donna Mezias (State Bar No. 111902)
   Catherine Nasser (State Bar No. 246191)
2  JONES DAY
   555 California Street
3  San Francisco, CA 94105
   Telephone:    (415) 626-3939
4  Facsimile:    (415) 875-5700

5  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
6  CORPORATION

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  **TOM CHAU, individually and on behalf of**     Case No. _____
    **all others similarly situated,**
12                                                  **DECLARATION OF JAMES R.**
                  **Plaintiff,**                    **BLEIER IN SUPPORT OF**
13                                                  **DEFENDANT'S NOTICE OF**
          **v.**                                    **REMOVAL OF CIVIL ACTION**
14                                                  **FROM STATE COURT**
    **International Business Machines, a**
15  **Corporation, and DOES 1-20, inclusive,**     **[28 U.S.C. §§ 1332, 1441(B) AND 1446]**

16                **Defendant.**

17

18      I, James R. Bleier, declare and state as follows:

19      1.      I am employed by International Business Machines Corporation ("IBM" or the

20  "Company") in the Corporate Litigation department.  The following is based on my review of

21  Company records maintained in the ordinary course of business and, if called upon to do so, I

22  could and would testify competently thereto.

23      2.      In my position with IBM, I am familiar with the Company's CERIS computer

24  system, which houses certain payroll and employee data.  IBM maintains its CERIS computer

25  system, and the data contained in it, in the ordinary course of its business.  The data in the system

26  is entered at or near the time of a payroll or human resources event, and it is transmitted by a

27  person with knowledge of the event in question.

28

3.    At my direction, searches were conducted of the CERIS system to retrieve certain personnel data, including salary information and employment dates, associated with current employees who hold exempt, outside sales positions in the State of California.

4.    As of June 29, 2007, IBM employed approximately 800 of these individuals. Their average monthly salary was $8,694.54, and their average tenure was approximately 86 weeks.

This declaration is made in accordance with 28 U.S.C. § 1746 and I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed in _White Plains, N.Y._ on July _6_, 2007.

_Jas R Bleier_
JAMES R. BLEIER

- 2 -