ORIGINAL
FILED

07 JUL 10 PM 1:57

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Donna Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street
San Francisco, CA 94105
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOM CHAU, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>**Defendant.** | **Case No. C-07-03541 MMC**<br><br>**CERTIFICATE OF SERVICE**<br><br>**REGARDING NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |



**PROOF OF SERVICE**

(CCP §§ 1013a, 2015.5)

**STATE OF CALIFORNIA**           )
                                  )        ss.
**COUNTY OF SAN FRANCISCO**  )

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

On **July 9, 2007**, I served the following:

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (attached as Exhibit A hereto)**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Kevin J. McInerney, Esq.              *Telephone:  775-849-3811*
Kelly McInerney, Esq.                 *Facsimile:  775-849-3866*
Charles A. Jones, Esq.
McInerney & Jones
18124 Wedge Parkway #503
Reno, NV  89511

**[X]    BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]    BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

**[ ]    BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

**[X]    VIA FACSIMILE:** I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error. The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

**[ ]    STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**[X]    FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 9, 2007,** at San Francisco, California.

_____

Pamela Walter

SF1-566888v1

P. 1

x  x  x  COMMUNICATION RESULT REPORT ( JUL. 9. 2007  3:03PM ) x  x  x

FAX HEADER 1: Jones Day San Francisco
FAX HEADER 2:

| TRANSMITTED/STORED : JUL. 9. 2007  2:56PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 8783 MEMORY TX | | 7758493866 | OK | 52/52 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION



# Facsimile Transmission

555 California Street, 26th Floor • San Francisco, California 94104 • (415) 626-3939
Facsimile: (415) 875-5700
pwalter@jonesday.com

**July 9, 2007**

Please hand deliver the following facsimile to:

Name: **Kevin J. McInerney**
**Kelly McInerney**
**Charles A. Jones**

Facsimile No.: **775-849-3866**

Company: **McInerney & Jones**

Number of pages (including this page): 52

Telephone No.: **775-849-3811**

From: **Pamela Walter**

Title: **Legal Secretary**

Send Copies To:

Direct Telephone No.: **(415) 875-5849**

JP No.: JP009287

☐ **Copies distributed** _____
Operator's Initials

CAM No.: **383681-064009**

Re:    **Chao v. IBM – NOTICE OF REMOVAL**

---

**NOTICE:** This communication is intended to be confidential to the person to whom it is addressed, and it is subject to copyright protection.  If you are not the intended recipient or the agent of the intended recipient or if you are unable to deliver this communication to the intended recipient, please do not read, copy or use this communication or show it to any other person, but notify the sender immediately by telephone at the direct telephone number noted above.

**Message:**
Please find attached **DEFENDANT INTERNATIONAL BUSINESS MACHINES' NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** with exhibits.  A hard copy follows by mail.

Please call us immediately if the facsimile you receive is incomplete or illegible.  Please ask for the facsimile operator.

ATLANTA  •  BEIJING  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS  •  FRANKFURT  •  HONG KONG  •  HOUSTON
IRVINE  •  LONDON  •  LOS ANGELES  •  MADRID  •  MILAN  •  MOSCOW  •  MUNICH  •  NEW DELHI  •  NEW YORK  •  PARIS  •  PITTSBURGH
SAN DIEGO  •  SAN FRANCISCO  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

# EXHIBIT A

1  Donna Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                            **COUNTY OF ALAMEDA**
10

11
   TOM CHAU, individually and on behalf of          **CASE NO. RG-07328692**
12 all others similarly situated,

13              Plaintiff,                           **NOTICE TO STATE COURT AND**
                                                     **ADVERSE PARTY OF REMOVAL**
14      v.                                           **OF CIVIL ACTION FROM STATE**
                                                     **COURT TO UNITED STATES**
15 International Business Machines, a                **DISTRICT COURT FOR THE**
   Corporation, and DOES 1-20, inclusive,           **NORTHERN DISTRICT OF**
16                                                   **CALIFORNIA**
                Defendant.
17

18                                                   Complaint Filed: May 31, 2007

19

20       **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ADVERSE PARTY:**

21       PLEASE TAKE NOTICE THAT, on July 9, 2007, Defendant International Business

22 Machines Corporation filed a Notice of Removal of Civil Action in the United States District

23 Court for the Northern District of California. In compliance with 28 U.S.C. § 1446(d), a copy of

24 said Notice of Removal is attached as Exhibit 1 to this Notice and is served and filed herewith.

25       PLEASE TAKE FURTHER NOTICE THAT pursuant to 28 U.S.C. § 1446(d), the filing

26 and service of this Notice effects the removal of this action and stays any further proceedings in

27 connection therewith in the Alameda County Superior Court unless and until this action is

28 remanded.

1  Dated: July 9, 2007                          Jones Day

2

3                                               By: Donna M Mezias

4                                                   Donna. M. Mezias
                                                Attorneys for Defendant
5                                               INTERNATIONAL BUSINESS
                                                MACHINES CORPORATION

6

7  SFI-566632v1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### (CCP §§ 1013a, 2015.5)

STATE OF CALIFORNIA          )

                             )      ss.

COUNTY OF SAN FRANCISCO  )

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California  94104-1500.**

On July 9, 2007, I served the foregoing: **DEFENDANT INTERNATIONAL BUSINESS MACHINES' NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Kevin J. McInerney, Esq.                    *Telephone:  775-849-3811*
Kelly McInerney, Esq.                       *Facsimile:  775-849-3866*
Charles A. Jones, Esq.
McInerney & Jones
18124 Wedge Parkway #503
Reno, NV  89511

[X]    **BY MAIL:**  I caused such envelope to be deposited in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY FEDERAL EXPRESS:**  I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[ ]    **BY PERSONAL SERVICE:**  I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[X]    **VIA FACSIMILE:**  I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above.  The transmission(s) was/were reported as complete and without error.  The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

[X]    **STATE**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]    **FEDERAL**  I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

1    Executed on **July 9, 2007,** at San Francisco, California.

2    _____

3    Pamela Walter

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Donna Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:   (415) 626-3939
5  Facsimile:   (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                              Case No. _____

12 TOM CHAU, individually and on behalf of
   all others similarly situated,
13                                DEFENDANT INTERNATIONAL
            Plaintiff,            BUSINESS MACHINES
14                                CORPORATION'S NOTICE OF
        v.                        REMOVAL OF CIVIL ACTION
15                                FROM STATE COURT
   International Business Machines, a
   Corporation, and DOES 1-20, inclusive,   [28 U.S.C. §§ 1332, 1441(B) AND 1446]
16
            Defendant.
17

18     TO THE CLERK OF THE ABOVE ENTITLED COURT:

19     PLEASE TAKE NOTICE THAT International Business Machines Corporation

20 ("Defendant"), Defendant in the above-titled action, hereby removes this matter to the United

21 States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332, § 1441,

22 and § 1446.  The grounds for removal are as follows:

23                 **Compliance with Statutory Requirements**

24     1.     On or about May 31, 2007, Plaintiff Tom Chau ("Plaintiff") filed a Class Action

25 Complaint in the Superior Court of the State of California for the County of Alameda, Case No.

26 RG 07328692, captioned *Tom Chau, individually and on behalf of all others similarly situated, v.*

27 *International Business Machines, a Corporation, and Does 1-20, inclusive.*  In his Complaint,

28

                                          NOTICE OF REMOVAL OF CIVIL ACTION
                                                      FROM STATE COURT

1    Plaintiff asserts claims for Failure to Pay Overtime Wages (California Labor Code §§ 203, 218,

2    510, 1194 and 1198); Failure to Provide Meal and Rest Periods (California Labor Code § 226.7);

3    and Violation of Business & Professions Code (California Business & Professions Code

4    §§ 17200 and 17203).

5        2.    In this matter, Plaintiff seeks class action certification of a class that would include

6    all individuals "who, at any time from May 31, 2003, up until date of entry of judgment after trial,

7    are or were employed by Defendant in California as sales specialists." Complaint ¶ 14. For his

8    part, however, Chau did not hold the title of "sales specialist" at any point relevant to this

9    litigation; rather, he held positions entitled LC/DS Sales Representative and Advanced Sales

10   Specialist Software. Nevertheless, at all times during his employment, IBM employed Chau as an

11   exempt, outside sales representative, and the Company employs and has employed in California

12   other exempt, outside sales representatives who hold or held a number of different job titles. As

13   such, Defendant understands and believes that Chau seeks to include in his putative class all

14   exempt, outside sales representatives whom IBM employed during the class period in the State of

15   California.

16       3.    On June 8, 2007, Plaintiff served Defendant with a Class Action Summons.

17   Plaintiff did not serve Defendant with a copy of the complaint at that time. On July 2, 2007,

18   Plaintiff completed service by serving Defendant with a copy of his Complaint. *See* Cal. Code of

19   Civ. Pro. § 415.10, *et seq.* Defendant's removal of this action is timely because Defendant is

20   removing this matter within 30 days of Plaintiff's completion of service. *See* 28 U.S.C.

21   § 1446(b).

22       4.    In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and

23   correct copies of all process, pleadings, and orders in this action.

24       5.    Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice

25   of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with

26   the Clerk of the Superior Court of the State of California, County of Alameda.

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1

**Intradistrict Assignment**

2          6.          Plaintiff filed this case in the Superior Court of California, County of Alameda;

3    therefore, this case may properly be removed to the Oakland Division or San Francisco Division

4    of the Northern District of California.  *See* 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (d), 3-5(b).

5

**Jurisdiction**

6          7.          This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

7    § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14

8    ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a

9    class action whenever:  (1) "any member of a [putative] class of plaintiffs is a citizen of a State

10   different from any defendant," 28 U.S.C. § 1332(d)(2)(A), and (2) "the matter in controversy

11   exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2).

12   Both requirements are satisfied in this case.

13         8.          In this matter, diversity of citizenship exists because the primary defendant and at

14   least one proposed class member are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).

15   Specifically, Defendant is a citizen of New York.  S*ee* 28 U.S.C. § 1332(c)(1).  Defendant is a

16   corporation incorporated under the laws of the State of New York, with a principal place of

17   business in that State.  *See* Complaint ¶ 4.  Based upon information and belief, Plaintiff Tom

18   Chau was a citizen of California at the time he filed this action, and he still is.  Moreover,

19   Plaintiff's putative class consists of persons who "are or were employed by [Defendant] in

20   California as sales specialists."  *Id.* at ¶ 14.

21         9.          Further, though Defendant concedes neither liability on Plaintiff's claims nor the

22   propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum

23   greater than $5,000,000.  *See* 28 U.S.C. § 1332(d).  While the Complaint does not allege a

24   specific dollar amount in damages, Plaintiff seeks unpaid wages (including overtime premiums),

25   penalty wages, waiting time penalties, meal and rest break penalties, and attorneys' fees on behalf

26   of himself and each of the purported class members.  Complaint ¶¶ 28, 30, 37.

27         10.         Standing alone, Plaintiff's overtime claims as to Defendant's <u>current</u> exempt,

28   outside sales employees in California establish an amount in controversy that exceeds $5,000,000.

- 3 -          NOTICE OF REMOVAL OF CIVIL ACTION
                FROM STATE COURT

Specifically, as of June 29, 2007, Defendant employed approximately 800 individuals in exempt, outside sales positions in the State of California, and the average tenure of these employees was approximately 86 weeks. *See* Declaration of James R. Bleier ("Bleier Dec."), attached as Exhibit B, ¶ 4. Further, the average monthly salary of these employees, as of June 29, 2007, was $8,694.54. *See* Bleier Dec., ¶ 4. Thus, assuming that these individuals averaged even one hour per week of uncompensated overtime during their tenure, the amount in controversy in this matter would be $5,176,595.[1] *Cf.* Cal. Code of Civ. Pro. § 338(a) (establishing a three year statute of limitations for Plaintiff's Failure to Pay Overtime Claim); Cal. Bus. and Prof. Code § 17203 (establishing a four-year statute of limitations applicable to Plaintiff's Violation of Business & Professions Code claim).

11.     In fact, the amount in controversy in this matter is substantially <u>higher</u> than $5,176,595. As noted, the data and calculations referenced in the preceding paragraph involve only current exempt, outside sales employees in the State of California, and they relate only to claims for overtime pay. Since June 2003, IBM has employed other exempt, outside sales employees in California who are no longer with the company or are no longer in outside sales positions, but who fall within the Plaintiff's putative class definition. The $5,176,595 figure listed in the previous paragraph does not include amounts in controversy as to such outside sales employees. Further, this calculation does not include potential damages related to Plaintiff's claims for penalty wages, waiting time penalties, meal and rest break penalties, and attorneys' fees. In addition, the regular rate of pay used to calculate the potential amount in controversy set forth in the previous paragraph does not factor in commission payments, which, if added to

---

[1] The amount in controversy was calculated as follows:

Step 1: Divide the average yearly salary by 2080 hours to derive the average regular rate of pay (*see* Cal. Lab. C. § 515(d)); then multiply the average regular rate by 1.5 to calculate the average overtime rate of pay:

$$104,334.48 \div 2080 \times 1.5 = 75.2412$$

Step 2: Multiply the average overtime rate of pay by one hour of overtime and then by the average tenure for current outside sales employees (86 weeks) to calculate the average overtime amount per employee; then multiply that amount by the number of current outside sales employees:

$$75.2412 \times 86 \times 800 = 5,176,595$$

1   salary, would increase the regular rate of pay and the resulting calculation of the amount in

2   controversy.  In short, this matter plainly exceeds the minimum amount-in-controversy

3   requirement for CAFA diversity jurisdiction.

4        12.    In alleging the amount in controversy, Defendant does not concede that Plaintiff

5   ever worked more than forty hours per workweek, or more than eight hours per day, or that he is

6   entitled to overtime pay.  Nor does Defendant concede that any or all of its current or former

7   outside sales employees in California are appropriately included in the putative class.

8        WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

9   Court of the State of California, County of Alameda.

10  Dated: July 9, 2007                              Respectfully submitted,

11                                                   JONES DAY

12

13                                                   By: _Donna M. Mezias_____

14                                                        Donna M. Mézias
                                                        Attorneys for Defendant
15                                                      INTERNATIONAL BUSINESS
                                                        MACHINES CORPORATION

16

17  SFI-566763v4

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
                                                    FROM STATE COURT

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
International Business Machines, a Corporation, and
DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Tom Chau, individually and on behalf of
all others similarly situated



*5671281*

F I L E D
ALAMEDA COUNTY

MAY 3 1 2007

Exec. Off. Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court<br>1221 Oak Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>07328692 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin J. McInerney, Esq.    McInerney & Jones
Kelly McInerney, Esq.    18124 Wedge Parkway #503 Reno, NV 89511    Phone: (775) 849-3811

| DATE: MAY 3 1 2007 | Clerk, by PAT S. SWEETEN | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*5671285*

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Kevin J. McInerney, SBN 46941
Kelly McInerney, SBN 200017
18124 Wedge Pkwy #503
Reno, NV 89511
TELEPHONE NO.: (775) 849-3811    FAX NO.: (775) 849-3866
ATTORNEY FOR *(Name):* Plaintiff Tom Chau

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Main

**CASE NAME:**
Tom Chau v. International Business Machines

# FILED
## ALAMEDA COUNTY
### MAY 31 2007
Exec. Off Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG 07328692 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): 3

5. This case [✓] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/31/07
Kevin J. McInerney
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.405;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| **Chau v. International Business Machines** | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

*5671278*

1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   McINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:    (775) 849-3811
   Facsimile:    (775) 849-3866
5

6  Attorneys for Plaintiff

7

F I L E D
ALAMEDA COUNTY

MAY 3 1 2007

Exec. Off. Clerk

8

9                    SUPERIOR COURT OF CALIFORNIA

10                       COUNTY OF ALAMEDA

11                          BY FAX

12

13  TOM CHAU, individually and on behalf of      Case No.:  RG07328692
    all others similarly situated,
14
                        Plaintiff,
15
             v.                                   CLASS ACTION COMPLAINT FOR:
16
    INTERNATIONAL BUSINESS                        (1)  Violation of California Labor Code for
17  MACHINES, a Corporation, and DOES 1-              Failure to Pay Overtime Wages
    20, inclusive,
18                                                (2)  Violation of Labor Code §226.7
                        Defendants.
19                                                (3)  Violation of Business & Professions
                                                      Code §§17200 and 17203
20

21

22                   THIS IS A CLASS ACTION LAWSUIT

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                    PAGE 1

1      Plaintiff, individually and on behalf of all others similarly situated, complains and alleges

2 as follows:

3 **I.**

4 **JURISDICTION AND VENUE**

5     1.    This class action is brought pursuant to §382 of the California Code of Civil

6 Procedure. The monetary claims sought by plaintiff exceed the minimal jurisdictional limits of

7 the Superior Court and will be established according to proof at trial. The monetary claims

8 sought on behalf of the class as aggregate class claims exceed those jurisdictional limits as well.

9

10     2. ˌ    Venue is proper in the Alameda County Superior Court because the plaintiff

11 resided in this county during the class period while employed by the defendant.

12

13     3.    To the extent any class member entered into any arbitration agreement with any

14 defendant and such agreement purported to require arbitration of wage or employment disputes,

15 any such agreement is and was void and unenforceable. Any such agreement was one of

16 adhesion, was executed under duress, lacked consideration and mutuality, and failed to provide

17 that the defendant(s) would pay the costs of any arbitration, and was otherwise void under the

18 California Supreme Court case of <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>.

19

20     4.    The defendant International Business Machines Corporation (hereinafter "IBM"

21 or "defendant") is a corporation believed to be incorporated and headquartered in New York.

22

23     5.    This action is brought solely pursuant to California law. The overtime and

24 related questions and remedies relating thereto are based solely on California law and statutes,

25 including the California Labor Code and the Business & Professions Code.

26

27     6.    At all times relevant IBM did business in California and engaged in the retail sales

28 of its products including both computer hardware and software products in this state. In

---

**CLASS ACTION COMPLAINT**                                                     **PAGE 2**

1  connection with this activity it employed the plaintiff and others as sales specialists.

2

3      7.      The true names and capacities of defendants named herein as DOES 1 through 20

4  inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who

5  therefore sues such defendants under fictitious names pursuant to California Code of Civil

6  Procedure §474.  Plaintiff is informed and believes, and thereon alleges, that these defendants,

7  DOES 1 through 20, are in some manner or capacity, and to some degree, legally responsible and

8  liable for the wrongs of which plaintiff complains.  Plaintiff will amend his complaint to allege

9  the true names and capacities of these DOE defendants once they are ascertained.  On

10  information and belief, plaintiff makes all allegations contained in this complaint against all

11  defendants, including DOES 1 through 20, inclusive.

12

13      8.      At all times herein mentioned, each defendant was an agent, servant, employee

14  and/or joint venturer of each of the remaining defendants, and was at all times acting within the

15  course and scope of such agency, service, employment, and/or joint venture, and each defendant

16  has ratified, approved, and authorized the acts of each of the remaining defendants with full

17  knowledge of said acts.

18

19      9.      The plaintiff, Tom Chau, is a former employee of defendant.  Mr. Chau began

20  working for the defendant as a sales specialist in approximately December 2000 and left

21  defendant's employ in approximately May 2004.  During this time his primary duty, like other

22  sales specialists, was the sales of defendant's products.  His sales area was the San Francisco

23  territory.  He sold hardware and later software.  The plaintiff and other sales specialists employed

24  in California during the class period received the majority of their income from salary and not

25  commissions.  The majority of their sales work was done from a home office or an office of the

26  defendant.  A large portion of their time was spent in liaison with or in conference calls with co-

27  workers.

28

CLASS ACTION COMPLAINT                                                      PAGE 3

10.    The named plaintiff and other sales specialists employed by defendant in California are/ were routinely required to work in excess of eight (8) hours a day and/or forty (40) hours per week without receiving overtime compensation or the meal and rest breaks required by California law.

11.    Plaintiff brings this action on her own behalf and on behalf of all other such current and former employees similarly situated, as well as on behalf of the California public.

12.    Labor Code §1174(d) and the IWC Orders (Section 5) provide that every employer shall keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period.  When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  Hernandez v. Mendoza (1988) 199 Cal.App.3d 721, 245 Cal.Rptr. 36.

13.    Some evidence generally reflecting the number of overtime hours worked by each employee and the compensation rates for the relevant work periods are in the possession of defendant.  While plaintiff is unable to state at this time the exact amount owing to the class, plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded accordingly to proof thus obtained and presented to the court.

14.    Plaintiff brings this action individually and as a class action on behalf of the following class:

> All persons who, at any time from May 31, 2003, up until the date of entry of judgment after trial, are or were employed by International Business Machines Corporation in California as sales specialist.

15.    Plaintiff's claims are typical of the claims of the class because plaintiff and all the

1  class members were harmed by defendant's failure to pay overtime and meal and rest break

2  wages as required by California law. Defendant's policies with respect to the hours worked are

3  and were uniform throughout California and the employees under uniform written procedures.

4

5      16.    Plaintiff is a representative party who will fully and adequately protect the

6  interests of the class members. He has retained counsel who are competent in both class action

7  and employment litigation. Plaintiff has no interests which are contrary to or in conflict with

8  those of the class she seeks to represent.

9

10     17.    The number of class members is believed to exceed one hundred (100)

11  individuals, which makes it impractical to bring all members of the class individually before the

12  Court, and the identities of the members of the class are determinable from the records of the

13  defendant, as are the days worked and the regular rate of pay for each class member.

14

15     18.    A class action is superior to other available means for the fair and efficient

16  adjudication of this lawsuit. Even if any class member could afford individual litigation against

17  a large business like IBM, it would be unduly burdensome to the court system. Individual

18  litigation magnifies the delay and expense to all parties. By contrast, a class action presents far

19  fewer management difficulties and affords the benefits of unitary adjudication, economies of

20  scale, and comprehensive supervision by a single court. Concentrating this litigation in one

21  forum will promote judicial economy and parity among the claims of individual class members

22  and judicial consistency. Notice of the pendency and any resolution of this action can be

23  provided to class members by mail, print, broadcast, internet, and/or multimedia publication.

24

25     19.    This type of case is uniquely well-suited for class treatment since the employer's

26  practices were uniform and the burden is on the employer to prove any exemption.

27

28

CLASS ACTION COMPLAINT

1    20.    Many issues of law or fact are common and they predominate over any individual

2  questions. These common issues include:

3    a.    Whether defendant's sales specialists were uniformly classified as exempt, in violation of California Labor Code and applicable IWC wage orders;

4

5    b.    Whether defendant failed to pay plaintiff and class members all overtime compensation due them, in violation of California Labor Code and applicable IWC wage orders;

6

7    c.    Whether plaintiff and class members were expected to and/or mandated to regularly work overtime;

8    d.    Whether the position of sales specialist  realistically required class members to be primarily engaged in non-management work;

9

10    e.    Whether the defendant failed to pay plaintiff and class members meal and rest break wages in violation of California Labor Code §226.7;

11    f.    The correct statute of limitations for plaintiff's and class members' claims;

12    g.    The correct method of calculating back overtime pay;

13    h.    Whether defendant's conduct constitutes unfair competition within the meaning of California Business & Professions Code §§17200 and 17203;

14

15    I.    Whether defendant's conduct constitutes unfair business practices within the meaning of California Business & Professions Code §§17200 and 17203;

16

17    j.    Whether plaintiff and class members are entitled to injunctive relief prohibiting defendants from requiring sales specialists who do not meet the statutory and regulatory guidelines for exemption from working more than eight (8) hours per day or forty (40) hours a week in any work week without pay for overtime wages;

18

19    k.    Whether plaintiff and class members are entitled to restitution;

20    l.    Whether defendant is liable for pre-judgment interest;

21    m.    Whether defendant is liable for attorney's fees and costs; and

22    n.    Whether plaintiff and class members are entitled to waiting time penalties.

23

24

25

26

27

28

## II.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**Violation of California Labor Code §§ 203, 218, 510, 1194 and 1198**

**(As Against All Defendants)**

21.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

22.    California Labor Code §510 defines a day's work as 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay.

23.    Pursuant to California Labor Code §§ 218 and 1194(a), a plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorney's fees and costs.

24.    Pursuant to California Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. IWC Wage Order No. 7 applies to plaintiff's employment. It provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two times an employee's regular rate of pay.

25.    In California, all employees are presumed to be non-exempt and all exemptions are narrowly construed against the employer. Ramirez v. Yosemite Water Co., Inc. (1999) 20 Cal.4th 785; Nordquist v. McGraw-Hill Broadcasting Co. (1995) 32 Cal.App.4th 555.

26.    Plaintiff and other sales specialists have been expected to work in excess of 8 hours in a day and/or 40 hours in a week.

27.    As a uniform practice, IBM failed to keep the records of hours worked by its employees as required by California's wage orders.  However, records of the rates of pay for plaintiff and the class members are in the possession or within the custody and control of the defendant.

28.    IBM owes plaintiff and the class overtime wages according to proof at the time of trial.  Plaintiff is informed and believes, and thereon alleges, that IBM knew or should have known that the sales specialists did not qualify as exempt employees and purposely elected not to pay them for their overtime labor.  Plaintiff, individually and on behalf of all employees similarly situated, requests recovery of overtime compensation according to proof, penalty wages, interest, attorney's fees and costs pursuant to Labor Code §§203 and 1194(a), as well as the assessment of any other statutory penalties, including waiting time penalties, against IBM in a sum as provided by the Labor Code and/or other statutes.

## III.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND BREAK PERIODS

#### Violation of California Labor Code §226.7

29.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

30.    Defendant failed to provide the class members with their required meal breaks and rest periods, as required under Wage Order 5.  As a result plaintiff and other sales specialists routinely did not receive such breaks during their business days.  Accordingly, the class members are entitled to one additional hour of pay for each violation, in an amount to be proved at trial,

---

CLASS ACTION COMPLAINT                                                                PAGE 8

1  plus interest thereon and statutory penalties, attorney fees and costs.

2

3  IV.

4  **THIRD CAUSE OF ACTION**

5  **VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 and 17203**

6  (As Against All Defendants)

7      31.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

8  though fully set forth in detail herein.

9

10     32.    Since May 31, 2003, IBM has engaged and continues to engage in unfair

11 and/or unlawful business acts and practices in violation of California Business & Professions

12 Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair

13 and/or unlawful business activity defined by Business & Professions Code §17200, and justify

14 the issuance of an injunction, restitution, and other equitable relief pursuant to Business &

15 Professions Code §17203.

16

17     33.    IBM has unlawfully failed to pay to its California sales specialists overtime wages

18 and other benefits in violation of Labor Code §200 et seq., Labor Code §500 et seq., Labor Code

19 §1100 et seq., the California Code of Regulations, and the guidelines set forth by the IWC,

20 including meal and rest breaks.

21

22     34.    The conduct of IBM is inimical to the public welfare since it transgresses

23 civil statutes of this state designed to protect workers from exploitation.

24

25     35.    IBM's conduct in misclassifying plaintiff and other members of the class and

26 failing to pay overtime and provide meal and rest breaks was unfair within the meaning of

27 §17200 because it was against established public policy and has been pursued to attain an

28 unjustified monetary advantage by creating personal disadvantage and hardship to its employees.

CLASS ACTION COMPLAINT                                                            PAGE 9

1    36.    By and through its unfair and/or unlawful business practices and acts described

2    herein, IBM has obtained valuable services from plaintiff and all persons similarly situated and

3    has deprived plaintiff and all persons similarly situated of valuable rights and benefits guaranteed

4    by law, all to their detriment.

5

6    37.    Plaintiff, and all persons similarly situated, and all persons in interest, are entitled

7    to and do seek such relief as may be necessary to restore to them the money and property which

8    IBM has acquired, or of which plaintiff and class members have been deprived by means of the

9    herein described unfair and/or unlawful business practices.

10

11   38.    Plaintiff, and all persons similarly situated, and all persons in interest, are further

12   entitled to and do seek a declaration that the above described business practices are unfair and

13   unlawful, and injunctive relief restraining IBM from engaging in any of the herein described

14   unfair and/or unlawful business practices at all times in the future.

15

16

17   Dated: May 31, 2007                      MCINERNEY & JONES

18

19                                           By: _____

20                                           Kevin J. McInerney, Esq.
                                             Attorneys for Plaintiff

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                      PAGE 10

McINERNEY & JONES
Attn: McInerney, Kevin J.
18124 Wedge Parkway #503
Reno, NV   89511

International Business Machines

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

Chau

Plaintiff/Petitioner(s)

VS.

International Business Machines

Defendant/Respondent(s)
(Abbreviated Title)

No. RG07328692

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/20/2007    TIME: 11:00 AM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/27/2007    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6157.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 06/01/2007                    Executive Officer / Clerk of the Superior Court

                            By    _____
                                               Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/01/2007.

                            By    _____
                                               Deputy Clerk

*5679521*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Kevin J. McInerney, 46941
MC INERNEY & MC INERNEY
18124 Wedge Parkway Suite 503
Reno, NV 89511
TELEPHONE NO.: (775) 849-3811
ATTORNEY FOR (Name): Plaintiff

FOR COURT

# FILED
ALAMEDA COUNTY

## JUN 1 4 2007

CLERK OF THE SUPERIOR COURT

By _____
                              Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of Alameda County
1225 Fallon St. #209
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Tom Chau

DEFENDANT/RESPONDENT: International Business Machines

CASE NUMBER:

RG 07328692

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

IBM

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons

## BY FAX

3. a. Party served: International Business Machines

   b. Person Served: Vivian Imperial - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): June 8, 2007    (2) at (time): 3:10 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   International Business Machines

   under:    CCP 415.95 (Business Organization Form Unknown)

7. **Person who served papers**
   a. Name:         Jimmy Lizama
   b. Address:      One Legal, Inc. - 132-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 14.95
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: June 13, 2007

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

FF# 6642143

# EXHIBIT B

1   Donna Mezias (State Bar No. 111902)
    Catherine Nasser (State Bar No. 246191)
2   JONES DAY
    555 California Street
3   San Francisco, CA 94105
    Telephone:    (415) 626-3939
4   Facsimile:    (415) 875-5700

5   Attorneys for Defendant
    INTERNATIONAL BUSINESS MACHINES
6   CORPORATION

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  **TOM CHAU, individually and on behalf of**      Case No. _____
    **all others similarly situated,**
12                                                    **DECLARATION OF JAMES R.**
                 **Plaintiff,**                       **BLEIER IN SUPPORT OF**
13                                                    **DEFENDANT'S NOTICE OF**
             **v.**                                   **REMOVAL OF CIVIL ACTION**
14                                                    **FROM STATE COURT**
    **International Business Machines, a**
15  **Corporation, and DOES 1-20, inclusive,**       **[28 U.S.C. §§ 1332, 1441(B) AND 1446]**

16              **Defendant.**

17

18          I, James R. Bleier, declare and state as follows:

19          1.      I am employed by International Business Machines Corporation ("IBM" or the

20  "Company") in the Corporate Litigation department.  The following is based on my review of

21  Company records maintained in the ordinary course of business and, if called upon to do so, I

22  could and would testify competently thereto.

23          2.      In my position with IBM, I am familiar with the Company's CERIS computer

24  system, which houses certain payroll and employee data.  IBM maintains its CERIS computer

25  system, and the data contained in it, in the ordinary course of its business.  The data in the system

26  is entered at or near the time of a payroll or human resources event, and it is transmitted by a

27  person with knowledge of the event in question.

28

3.     At my direction, searches were conducted of the CERIS system to retrieve certain personnel data, including salary information and employment dates, associated with current employees who hold exempt, outside sales positions in the State of California.

4.     As of June 29, 2007, IBM employed approximately 800 of these individuals. Their average monthly salary was $8,694.54, and their average tenure was approximately 86 weeks.

This declaration is made in accordance with 28 U.S.C. § 1746 and I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed in _White Plains, N.Y._ on July _6_, 2007.

_Jas R Bleir_
JAMES R. BLEIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C07-03541    MMC

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

_____
By: Deputy Clerk

magcons.ntc (rev. 10/99)

1
2
3
4
5
6
7
8

E-filing

IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11                                    CC07 No. 03541    MMC
12          Plaintiff,
                                      CONSENT TO PROCEED BEFORE A
13     v.                             UNITED STATES MAGISTRATE JUDGE
14
15          Defendant.            /
16
17          CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

18          In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party in

19     the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate

20     Judge conduct any and all further proceedings in the case, including trial, and order the entry of a

21     final judgment. Appeal from the judgment shall be taken directly to the United States Court of

22     Appeals for the Ninth Circuit.

23
24     Dated:                              _____
                                           Signature
25
                                           Counsel for_____
26                                         (Name or party or indicate "pro se")
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



ORIGINAL
FILED

JUL - 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

TOM CHAU,

        Plaintiff (s),

    v.

INTERNATIONAL BUSINESS
MACHINES,

        Defendant(s).



No. **C 07-03541 MMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M.
Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in
the Northern District of California" and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the
Northern District of California."

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/9/2007 | Notice of removal filed | |
| 9/28/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/12/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 10/19/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil L.R. 16-10 |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO. C-        MMC |
| | ) | |
| vs. | ) | |
| | ) | **CASE MANAGEMENT** |
| | ) | **CONFERENCE ORDER** |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:   February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1.  Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.  **Electronic Case Filing - Lodging Hard Copies for Chambers**

    In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3.  <u>**Scheduling Days:**</u>

    a.   Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
    b.   Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
    c.   Case Management Conferences are conducted on Fridays at **10:30 a.m.,** with order of call determined by the Court.
    d.   Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
    e.   Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4.  **Proposed Orders Required:**  Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.  **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6.  **Procedural Matters:**  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

7.  **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

IT IS SO ORDERED.

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

JUL - 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

TOM CHAU,

Plaintiff (s),

v.

INTERNATIONAL BUSINESS
MACHINES,

Defendant(s).

E-filing

No. C 07-03541 MMC

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M.
Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in
the Northern District of California" and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the
Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/9/2007 | Notice of removal filed | |
| 9/28/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/12/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 10/19/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil L.R. 16-10 |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | ) ) ) ) |
| vs. | ) ) ) ) ) ) |
| Defendant(s), | ) ) ) |

NO. C-          MMC

**CASE MANAGEMENT
CONFERENCE ORDER**

     **IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

     Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

     Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

     Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

     Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:    February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1.  Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.  **Electronic Case Filing - Lodging Hard Copies for Chambers**

    In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3.  <u>Scheduling Days:</u>

    a.  Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
    b.  Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
    c.  Case Management Conferences are conducted on Fridays at **10:30 a.m.**, with order of call determined by the Court.
    d.  Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
    e.  Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4.  **Proposed Orders Required:**  Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.  **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6.  **Procedural Matters:**  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

7.  **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

IT IS SO ORDERED.

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.  <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.      Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.      This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.      The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.      In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.      The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.      The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.      The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.      Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.      Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.    Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the underlined complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also</u>:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.