1  Donna Mezias (State Bar No. 111902)
   dmezias@jonesday.com
2  Catherine Nasser (State Bar No. 246191)
   cnasser@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   INTERNATIONAL BUSINESS MACHINES
7  CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOM CHAU, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>Defendant. | Case No. C 07-03541 MMC<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, Jones Day, hereby answers the Complaint, filed on behalf of Tom Chau ("Chau") as follows:

**JURISDICTION AND VENUE**

1. IBM states that the amount in controversy satisfies this Court's requirements for diversity jurisdiction. IBM denies the remaining allegations contained in paragraph 1.

2. IBM states that this Court is a proper venue for this matter, and it denies the allegations contained in paragraph 2.

3. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 3.

4. IBM admits the allegations contained in paragraph 4.

5.	IBM admits only that Chau purports to bring this action pursuant to the California Labor Code and the Business & Professions Code.  IBM denies that Chau, or any other person, is entitled to the relief requested in the Complaint, and IBM denies the remaining allegations contained in paragraph 5.

6.	IBM admits only that it engages in the retail sale of both computer hardware and software products in California and that it has employed Chau and others in sales positions in the State.  IBM denies the remaining allegations contained in paragraph 6.

7.	IBM admits only that Chau purports to bring this action against entities he has labeled as "Does 1 though 20, inclusive."  IBM denies the remaining allegations in Paragraph 7.

8.	IBM states that it is the only named defendant in this matter, and it denies the allegations in Paragraph 8.

9.	IBM admits that, between December 2000 and February 2004, it employed Chau in a sales position and that he earned certain compensation during his employment.  IBM denies the remaining allegations in Paragraph 9.

10.	IBM states that it employed Chau in an exempt outside sales position, and that it employs and has employed other persons in exempt outside sales positions in the State of California.  IBM denies the remaining allegations in paragraph 10.

11.	IBM admits only that Chau purports to bring this matter as a class action.  IBM denies that this case is maintainable as a class action, and it denies the remaining allegations in paragraph 11.

12.	IBM states that paragraph 12 sets forth legal conclusions to which no response is required.

13.	IBM admits only that it retains time and payroll records as required by law.  Further responding, IBM states that this action is not maintainable as a class action, and that neither Chau nor anyone else is entitled to the relief requested in the Complaint.  IBM denies any remaining allegations contained in paragraph 13.

14.     IBM admits only that Chau purports to bring this matter on behalf of a putative class. IBM denies that this matter may be maintained as a class action, and it denies any remaining allegations in paragraph 14.

15.     IBM denies the allegations in paragraph 15.

16.     IBM denies the allegations in paragraph 16.

17.     IBM states that, as it best understands the scope of the putative class, it contains more than 100 persons. IBM further states that it retains records as required by law. IBM denies the remaining allegations in paragraph 17.

18.     IBM denies the allegations in paragraph 18.

19.     IBM denies the allegations in paragraph 19.

20.     IBM denies the allegations in paragraph 20.

**First Cause Of Action**

21.     IBM incorporates and restates its responses to the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     IBM states that paragraph 22 sets forth legal conclusions to which no response is required.

23.     IBM states that paragraph 23 sets forth legal conclusions to which no response is required.

24.     IBM states that paragraph 24 sets forth legal conclusions to which no response is required.

25.     IBM states that paragraph 25 sets forth legal conclusions to which no response is required.

26.     IBM denies the allegations in paragraph 26.

27.     IBM admits only that it retains time and payroll records as required by law. IBM denies the remaining allegations contained in paragraph 27.

28.     IBM denies the allegations contained in paragraph 28.

**Second Cause Of Action**

29. IBM incorporates and restates its responses to the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. IBM denies the allegations contained in paragraph 30.

**Third Cause Of Action**

31. IBM incorporates and restates its responses to the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. IBM denies the allegations contained in paragraph 32.

33. IBM denies the allegations contained in paragraph 33.

34. IBM denies the allegations contained in paragraph 34.

35. IBM denies the allegations contained in paragraph 35.

36. IBM denies the allegations contained in paragraph 36.

37. IBM denies the allegations contained in paragraph 37.

38. IBM denies the allegations contained in paragraph 38.

39. IBM denies each and every allegation not specifically admitted herein. IBM denies that Chau or anyone else is entitled to the relief requested in the Complaint.

**DEFENSES**

**First Defense**

40. Neither Chau's Complaint, nor any purported cause of action alleged, state facts sufficient to constitute a claim upon which relief may be granted.

**Second Defense**

41. The Complaint and each and every cause of action alleged are barred because Chau executed a valid release of claims.

**Third Defense**

42. The Complaint and each and every cause of action alleged therein is barred since, at all material time, Chau and putative class members were exempt from California overtime compensation and meal and rest break requirements because, among other things, they were employed in an outside sales and/or an administrative capacity.

**Fourth Defense**

43. IBM acted in good faith and had reasonable grounds for believing that it was in compliance with the California Labor Code, the wage orders of the Industrial Welfare Commission, as well as all other applicable state laws.

**Fifth Defense**

44. Chau's attempt to pursue this case as a class action fails because an independent and individual analysis of Chau's claims and the claims of each potential class member and each of IBM's defenses is required.

**Sixth Defense**

45. Chau is not entitled to class action certification under Fed.R.Civ.P. 23 because Chau cannot satisfy the requirements for bringing a class action and Chau cannot adequately represent the interest of potential class members.

**Seventh Defense**

46. Chau is not entitled to certification because the purported class action, as defined in the Complaint, is overly broad and patently unmanageable.

**Eighth Defense**

47. Chau is not entitled to class certification because he fails to define the class he purports to represent clearly and/or objectively.

**Ninth Defense**

48. Chau's attempt to pursue this case as a class action violates IBM's constitutional rights to a jury trial and to due process.

**Tenth Defense**

49. Chau's claims and claims of putative class members are barred as to all hours allegedly worked of which IBM lacked actual or constructive knowledge.

**Eleventh Defense**

50. Chau's claims and the claims of putative class members are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors.

1 **Twelfth Defense**

2   51.   Chau's claims and the claims of putative class members are barred, in whole or in
3 part, to the extent that they are superseded or preempted by the FLSA.

4 **Thirteenth Defense**

5   52.   Chau's claims, in whole or in part, are barred by the applicable statutes of
6 limitations, including, but not limited to, Code of Civil Procedure §§ 338, 339, 340 and California
7 Business and Professional Code § 17208.

8 **Fourteenth Defense**

9   53.   Chau's claims, and the claims of any putative class members, are barred in whole
10 or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or release.

11 **Fifteenth Defense**

12   54.   To the extent that certain or all of Chau's causes of action rely in any part on
13 statutory amendments or additions during the class period, those amendments and additions are
14 not retroactive and bar Chau's claims in whole or in part.

15 **Sixteenth Defense**

16   55.   Chau is not entitled to any penalty award under Sections 203, 226, 226.7, 515,
17 558, 1197.1, or 2699 of the California Labor Code since, at all times relevant and material herein,
18 IBM did not willfully fail to comply with the compensation provisions of California Labor Code
19 §§ 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did
20 not violate the compensation provisions of the California Labor Code.

21 **Seventeenth Defense**

22   56.   The imposition of statutory penalties would violate IBM's rights, including the
23 right to due process and equal protection, under the California and United States Constitutions
24 and other laws.

25 **Eighteenth Defense**

26   57.   The claims for waiting time penalties should be denied because a good faith
27 dispute exists as to whether any wages are due.

28

**Nineteenth Defense**

58.    Chau's claims for injunctive relief are barred because Chau has an adequate remedy at law and/or Chau lacks standing and/or cannot make the requisite showing to obtain injunctive relief.

**Twentieth Defense**

59.    Chau lacks standing under Business and Professions Code Section 17200 *et seq.*, because neither he nor the alleged class has suffered any competitive injury.

Dated: July 23, 2007

Respectfully submitted,

JONES DAY

By: _____/S/_____
Catherine S. Nasser
Attorneys for Defendant

INTERNATIONAL BUSINESS
MACHINES CORPORATION

SFI-566909v5