Donna M. Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tom Chau, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>Defendant. | **Case No. C07-03541 MMC**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    November 30, 2007<br>Time:    9:00 a.m.<br>Judge:   Hon. Maxine Chesney<br>             Courtroom 7, 19th Floor |

Defendant's Motion For Summary Judgment                                                              Case No. C07-03541 MMC

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

I.    Introduction ................................................................................................................ 2

II.    Undisputed Facts ....................................................................................................... 2

III.    Argument .................................................................................................................. 4

    A.    Plaintiff Executed a Valid Release Agreement ......................................... 4

    B.    Plaintiff's Valid Release Encompasses All Claims Asserted in This Case ............ 6

IV.    Conclusion ................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Fabares v. Benjamin*
  180 Cal. App. 2d 264 (1960) ................................................................................................ 4

*Hess v. Ford Motor Co.*
  27 Cal. 4th 516 (2002) ........................................................................................................ 6

*Palmquist v. Mercer*
  43 Cal. 2d 92 (1954) ........................................................................................................... 6

*Reid v. Overland Machined Products*
  55 Cal. 2d 203 (1961) ......................................................................................................... 4

*Reynov v. ADP Claims Services Group, Inc., No. C 06-2056 CW*
  2007 U.S. Dist. LEXIS 31631 (N.D. Cal., April 30, 2007) ......................................... 5, 6, 7

*Solis v. Kirkwood Resort Co.*
  94 Cal. App. 4th 354 (2001) ............................................................................................... 6

*Sullivan v. Del Conte Masonry Co.*
  238 Cal. App. 630 (1965) ............................................................................................... 4, 5

*Vernon v. Drexel Burnham & Co.*
  52 Cal. App. 3d 706 (1975) ................................................................................................ 4

## RULES AND STATUTES

California Civil Code
  § 1635 .................................................................................................................................. 6
  § 1636 .................................................................................................................................. 6

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on November 30, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 of the above-entitled Court, located at 450 Golden Gate Ave., 19th Floor, San Francisco, CA 94102, defendant International Business Machines Corporation ("IBM" or "Defendant") will, and hereby does, move this Court for an order granting summary judgment in favor of Defendant and against plaintiff Tom Chau ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56(b) and Northern District of California Civil Local Rules 7-2, 7-4 and 56(b).

Defendant seeks summary judgment in favor of Defendant and against Plaintiff on the grounds that the evidence before the Court demonstrates that Plaintiff released all claims against Defendant arising out of his employment, including each claim that Plaintiff seeks to assert in this case. Accordingly, there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Keith Williams, filed and served herewith, all of the pleadings and papers on file in this matter, and upon such further evidence and argument as may be presented at the hearing of this motion.

Dated: October 12, 2007

Respectfully submitted,

Jones Day

By:    /S/ Catherine S. Nasser
       Catherine S. Nasser
Counsel for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In connection with the termination of his employment with IBM, Plaintiff executed a general release and covenant not to sue ("Release"). That Release waived all claims against IBM arising out of Plaintiff's employment. Because Plaintiff's Release is unquestionably valid, and because it encompasses all of Plaintiff's claims in this case, this Court should dismiss this lawsuit with prejudice.

**II.    UNDISPUTED FACTS**[1]

In December 2000, IBM hired Plaintiff into an outside sales position. Complaint ("Complt."), ¶ 9. During his employment, IBM classified Chau as an exempt employee and paid him a base salary of $75,000 per year. Declaration of Keith Williams ("Williams Dec."), filed and served herewith, ¶ 3. In February 2004, IBM terminated Plaintiff's employment as part of a reduction in force. *Id*., ¶ 3. On February 6, 2004, IBM paid Plaintiff his salary and earned vacation ("Final Wages") through his last day of employment. *Id*., ¶ 4. Chau did not need to release claims against IBM to receive his Final Wages. *Id*., ¶ 6.

In connection with his separation, IBM offered, and Plaintiff accepted, an agreement by which IBM paid Plaintiff substantial additional consideration, and Plaintiff executed a valid release of claims. Williams Dec., ¶ 5, Exhibit A. For its part, IBM paid Plaintiff $9,681.55 in separation pay. *Id*., ¶ 6. Plaintiff acknowledged that this consideration represented "payments and benefits to which he would not have been entitled had [he] not signed [the] Release." Exhibit A to Williams Dec., p. 2.

Plaintiff's Release waived all claims related to his employment with IBM. Specifically, the Release provided:

> In exchange for the sums and benefits received pursuant to the terms of the IBM Individual Separation Allowance Plan, you agree[] to release and hereby do[] release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities you may have against IBM of

---

[1] The following facts are undisputed for purposes of this Motion only.

> whatever kind including, but not limited to, those that are related to your employment with IBM . . . .

Exhibit A to Williams Dec., p. 1. In addition, the Release expressly waived all known and unknown claims and the protections of California Civil Code Section 1542:

> This Release covers both claims that you know about and those that you may not know about . . . . . . . .
>
> You expressly waive the protection provided by Section 1542 of the California Civil Code which states:
>
> A general release does not extend to claims which a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.
>
> Since you intend to release IBM and those associated with IBM of all claims, you agree to waive your rights, to the extent permitted by law, under Section 1542. . . .

Exhibit A to Williams Dec., p. 1.

In connection with the Release, IBM repeatedly advised Plaintiff to consult an attorney. The caption of each page of the Release provided, in bolded capital letters:

> **YOU ARE ADVISED TO CONSULT AN ATTORNEY BEFORE YOU SIGN THE RELEASE**

Exhibit A to Williams Dec., pp. 1-3. IBM repeated this admonition at other points of the Release. *Id.,* p. 1 ("After reviewing this release with your personal attorney . . . ."); *Id.* ("In the event that you do not understand Section 1542 or its legal effect on you, you are advised to seek legal counsel.")

In addition to advising Plaintiff to consult an attorney, IBM afforded him twenty-one days to consider the Release:

> You have been given the opportunity to take a period of at least twenty-one (21) days within which to consider this Release and the Summary Plan Description for the IBM Individual Separation Allowance Plan, and IBM expects that you will take the full 21 days to consider them. In the event you execute this Release before that time, you certify, by such execution, that you knowingly and voluntarily waived the right to the full 21 days, for reasons personal to you, with no pressure by any IBM representative to do so.

Defendant's Motion For Summary Judgment    - 3 -    Case No. C07-03541 MMC

Exhibit A to Williams Dec. p. 2.  In addition, Plaintiff had seven days to revoke after he executed the Release if he had second thoughts.  *Id.* at 3 ("This Release is not effective or enforceable for seven days … after you sign it, and you may revoke it during that time.")

On or about May 31, 2007, and notwithstanding the Release that he had executed, Plaintiff filed this action against IBM in Alameda County Superior Court.  IBM removed the case to this Court.  Plaintiff asserts that, during his employment with IBM, he and other allegedly similarly situated employees were misclassified as exempt employees.  Complt., ¶¶ 28, 35.  Plaintiff alleges causes of action under California Labor Code §§ 203, 218, 226.7, 510, 1194, and 1198, as well as California Business and Professions Code §§ 17200 and 17203.  For its part, IBM asserts that Plaintiff was properly classified as exempt because, among other reasons, he was employed in an exempt outside sales capacity.  Answer, ¶ 42.

## III. ARGUMENT

This Court should grant summary judgment to IBM.  Plaintiff executed a valid and enforceable Release, and the Release bars all of his claims in this case.

### A. PLAINTIFF EXECUTED A VALID RELEASE AGREEMENT.

California has a broad public policy that requires courts to enforce valid contracts:

> [T]here is perhaps no higher public policy than to uphold and give effect to contracts validly entered into and legally permissible in subject matter . . . The sanctity of valid contractual agreements in a free society, such as ours, is of paramount importance and is rooted in both the United States and California constitutions. . . .

*Vernon v. Drexel Burnham & Co.*, 52 Cal.App.3d 706, 716 (1975); *see also Fabares v. Benjamin*, 180 Cal.App.2d 264, 270 (1960) ("The right to make lawful contracts upon terms that are mutually agreed to is a sacred right, to be respected and enforced by the courts.").

This principle applies with full force to releases of wage claims.  As the California Supreme Court held, so long as concededly due wages have been paid, "[a]n employer and employee may of course compromise a bona fide dispute over wages…." *Reid v. Overland Machined Prod.*, 55 Cal. 2d 203, 207 (1961); *accord Sullivan v. Del Conte Masonry Co.,* 238 Cal. App. 2d 630, 634 (1965).

Defendant's Motion For Summary Judgment     - 4 -     Case No. C07-03541 MMC

1  Following the teaching of the California Supreme Court, this Court recently granted
2  summary judgment to an employer in the exact context present here – a putative wage/hour class
3  action filed by a plaintiff who had executed a release of claims.  *See Reynov v. ADP Claims Servs.*
4  *Group, Inc.*, 2007 U.S. Dist. LEXIS 31631 (N.D. Cal. Apr. 30, 2007).  Like this case, *Reynov* was
5  an exemption case – the plaintiff claimed that he (and the other putative class members) had been
6  misclassified as exempt under California law, and the employer, for its part, maintained that the
7  plaintiff was properly classified as exempt because the plaintiff performed specialized and
8  technical work and regularly exercised independent judgment.  *Id.* at *2-4, 11.  The *Reynov* Court
9  properly concluded that the wage dispute before it was *"bona fide"* and that the release was
10 therefore enforceable:

> Because [the employer's] defense that [the employee] was an exempt employee under California law would, if successful, preclude any recovery for [the employee], <u>a bona fide dispute exists</u> and the overtime pay cannot be considered "concededly due." *Sullivan*, 238 Cal. App. 2d at 634; *see also* 8 C.C.R. § 13520 (defining a "good faith dispute" concerning wages as a dispute that occurs "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee.")

*Id.* at *8-9 (emphasis added).  Thus, having found the release enforceable, and that it
encompassed all claims "arising out of or related to [the plaintiff's] employment," this Court
dismissed all of the plaintiff's claims – *i.e.*, Labor Code claims for compensation for overtime,
waiting time, meal and rest periods, and civil penalties, as well as a UCL claim asserting unfair
business practices.  *Id.* at *4, 11.

As this strikingly similar decision demonstrates, Plaintiff's claims here are barred by his
Release and should be dismissed.  As in *Reynov*, IBM unconditionally paid Plaintiff all wages and
vacation that were indisputably due.  Further, the pleadings clearly establish a bona fide dispute
between Plaintiff and IBM – Plaintiff claims that he was improperly classified, whereas IBM
asserts that Plaintiff was properly classified as an exempt employee.  This is the very same
situation that this Court in *Reynov* found to be a "bona fide dispute" that was properly
compromised through a release agreement.

Defendant's Motion For Summary Judgment    - 5 -    Case No. C07-03541 MMC

In sum, the Release is legally valid and enforceable in all respects. IBM invokes its protection in the context of a bona fide dispute over wages. The Release was supported by a separation payment to of almost $10,000 which Plaintiff was not otherwise entitled, and the Release contained an express waiver of rights under Section 1542. Finally, the Release contained multiple layers of protection designed to ensure that Plaintiff entered it voluntarily – IBM advised Plaintiff to consult with an attorney before signing, provided Plaintiff with a full twenty-one days in which to consider whether to sign, and allowed for a seven-day period in which Plaintiff could rescind the Release. For his part, Plaintiff signed the Release, accepted the consideration, and did not rescind. He is therefore now bound by his release of all claims against IBM.

### B.   PLAINTIFF'S VALID RELEASE ENCOMPASSES ALL CLAIMS ASSERTED IN THIS CASE.

There can be no dispute that Plaintiff's Release – which is virtually identical to the release in *Reynov* – encompasses all claims that he has asserted in his Complaint.

California Civil Code Section 1635 provides that "[a]ll contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by this Code." California courts have consistently applied this maxim to release agreements and determined the scope of releases using long-standing rules of contract interpretation. *See*, *e.g.*, *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (2002); *Solis v. Kirkwood Resort Co.*, 94 Cal. App. 4th 354, 360 (2001). These rules provide that a "contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. Thus, as with all ordinary contracts, the plain language of the Release is controlling:

> The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is… bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding.

*Palmquist v. Mercer*, 43 Cal. 2d 92, 98 (1954), quoting *Smith v. Occidental & Oriental Steamship Co.*, 99 Cal. 462, 470-71 (1893).

1      Here, the plain language of Plaintiff's Release clearly and unambiguously waives "all claims, demands, actions or liabilities [Plaintiff] may have against IBM of whatever kind including, but not limited to, those that are related to [his] employment with IBM…" Exhibit A to Williams Dec., p. 2. All of Plaintiff's claims – for overtime pay (First Cause of Action), failure to provide rest and meal breaks (Second Cause of Action), and for restitution of amounts due for overtime pay and wages for missed rest and meal breaks (Third Cause of Action) — are encompassed within and barred by the Release. Because Plaintiff has released the claims that he attempts to raise in this litigation, this Court should grant summary judgment to IBM. *See Reynov*, 2007 U.S. Dist. LEXIS 31631 at \*4, 11 (release of claims "arising out of or related to [the plaintiff's] employment" barred overtime, waiting time, meal and rest break, civil penalties, and unfair competition claims).

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant IBM's Motion and dismiss this matter in its entirety with prejudice.

Dated: October 12, 2007

Respectfully submitted,

Jones Day

By:     /S/ Catherine S. Nasser
      Catherine S. Nasser
Counsel for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

SFI-567519v7