[Counsel for Parties listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tom Chau, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>    **Defendant.** | **Case No. C07-03541 MMC**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  November 2, 2007<br>Time:  10:30 a.m.<br>Judge:  Hon. Maxine Chesney<br>         Courtroom 7, 19th Floor |

Named Plaintiff Tom Chau ("Plaintiff") and Defendant International Business Machines Corporation ("IBM" or "Defendant"), through their respective counsel, have conferred regarding case management issues, as required by Federal Rule of Civil Procedure 26(f), this Court's July 9, 2007 Order Setting Initial Case Management Conference and ADR Deadlines, and the Court's September 27, 2007 Notice. The parties hereby submit the following Joint Case Management Statement to this Court.

**1.    Jurisdiction and Service**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). There are no issues regarding jurisdiction or venue, and IBM, the only named defendant in this matter, has been served.

### 2. Facts

Between December 2000 and February 2004, Defendant IBM employed Plaintiff in a sales position. During his tenure, Defendant classified Plaintiff as an exempt employee for purposes of California wage laws. At the time of his separation, and in exchange for valuable consideration to which he was not otherwise entitled, Plaintiff executed a release that purported to waive all claims related to his employment. Plaintiff has now filed a Complaint alleging, on behalf of himself and a putative class, that IBM violated various California wage laws.

This case presents a threshold legal question as to whether Plaintiff's release bars the claims that he seeks to raise in his Complaint. Defendant has filed a Motion for Summary Judgment on this issue. The parties respectfully request that this Court resolve this Motion prior to the establishment of a case schedule in this matter. As such, the parties further request that this Court permit them to defer discussion of factual issues in dispute to a second Joint Case Management Statement that the parties would file (if necessary) following the resolution of Defendant's Motion.

### 3. Legal Issues

As noted, the threshold legal issue in this matter is whether Plaintiff's release bars his Complaint. The parties respectfully request that they be permitted to defer discussion of other legal issues to a second Joint Case Management Statement to be filed (if necessary) following the Court's ruling on IBM's Motion.

### 4. Motions

Defendant filed its Motion for Summary Judgment on October 12, 2007, and this Court will hear it on November 30, 2007. The parties respectfully request that they be permitted to defer discussion of additional motions to a second Joint Case Management Statement to be filed (if necessary) following the Court's ruling on IBM's Motion.

### 5. Amendment To The Pleadings

The parties propose that this Court establish November 15, 2007 as the deadline for amending the pleadings in this matter.

**6.    Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of document destruction programs and the ongoing erasures of e-mails, voice mails, and other electronically stored material.

**7.    Disclosures**

The parties propose that this Court permit them to defer the exchange of Fed.R.Civ.P. 26 initial disclosures until after it rules on IBM's pending Motion for Summary Judgment. The parties would address timing of these disclosures in a second Joint Case Management Statement to be filed (if necessary) following the Court's ruling.

**8.    Discovery**

The parties propose that discovery in this matter be deferred until this Court rules on IBM's pending Motion for Summary Judgment. Following the Court's ruling on that Motion, the Parties would submit a second Joint Case Management Statement (if necessary) that would address their discovery plan for this case.

**9.    Class Actions**

The parties respectfully request that they be permitted to defer discussion of class-related proceedings to a second Joint Case Management Statement to be filed (if necessary) following the Court's ruling on IBM's pending Motion for Summary Judgment.

**10.    Related/Other Cases**

On July 20, 2007, a complaint was filed against IBM in the Eastern District of California in which the plaintiffs allege, among other things, that IBM misclassified certain sales representatives for purposes of California wage law. *See Bennett et al. v. International Business Machines Corporation*, Case No. 2:07-CV-01485-GEB-EFB. As in the present case, the *Bennett* plaintiffs have brought claims on behalf of themselves and a putative California class. Unlike the present case, however, the *Bennett* plaintiffs also allege that IBM misclassified certain sales representatives for purposes of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and they have indicated that they will seek collective action certification of a nationwide (as opposed to state-wide) class. The parties are still considering whether the Bennett case satisfies the

definitions of either a "related" case or an "other" case under this Court's Local Rules. The parties will further address this issue in a second Joint Case Management Statement to be filed (if necessary) after the Court's ruling on IBM's Motion for Summary Judgment.

**11.    Relief**

The parties respectfully request that Plaintiff be permitted to defer discussion of requested relief to a second Joint Case Management Statement to be filed (if necessary) following this Court's ruling on IBM's pending Motion for Summary Judgment.

**12.    Settlement and ADR**

The parties have filed their ADR Certifications, in compliance with ADR Local Rule 3-5. The parties respectfully request that they be permitted to defer further ADR filings and further discussion of settlement prospects until after this Court's ruling on IBM's pending Motion for Summary Judgment.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings in this matter.

**14.    Other References**

The parties do not believe that this matter is suitable for reference to binding arbitration or a special master. The parties respectfully request that they be permitted to defer discussion of potential reference to the Judicial Panel on Multidistrict Litigation to a second Joint Case Management Statement to be filed (if necessary) following this Court's ruling on IBM's pending Motion for Summary Judgment.

**15.    Narrowing of Issues**

As noted, Defendant has filed a Motion for Summary Judgment that could resolve Plaintiff's claims in this matter. The parties respectfully request that they be permitted to defer discussion of other potential methods for narrowing the issues to a second Joint Case Management Statement to be filed (if necessary) following this Court's ruling on IBM's pending Motion for Summary Judgment.

**16.   Expedited Schedule**

The parties do not believe that this matter may be resolved on an expedited schedule.

**17.   Scheduling**

The parties respectfully request that they be permitted to defer discussion of proposed dates for the designation of experts, discovery cutoff, hearing of any additional dispositive motions, pretrial conference, and trial to a second Joint Case Management Statement to be filed (if necessary) following this Court's ruling on IBM's pending Motion for Summary Judgment.

**18.   Trial**

The parties respectfully request that they be permitted to defer discussion of issues related to trial to a second Joint Case Management Statement to be filed (if necessary) following this Court's ruling on IBM's pending Motion for Summary Judgment.

**19.   Disclosure of Non-Party Interested Entities or Persons**

On July 9, 2007, Defendant filed its Certification of Interested Entities or Persons. Defendant restates that, as of this date, other than the named parties, there is no such interest to report.

**20.   Other Matters**

The parties do not wish to raise other matters with the Court at this time.

| | | |
|---|---|---|
| 1 | Dated: October 26, 2007 | Respectfully submitted, |
| 2 | | MCINERNEY & JONES |
| 3 | | |
| 4 | | By: ___/S/ Kevin J. McInerney___<br>        Kevin J. McInerney |
| 5 | | Kevin J. McInerney<br>kevin@mcinerneylaw.net |
| 6 | | Charles Aubrey Jones<br>caj@mcinerneylaw.net |
| 7 | | Kelly McInerney<br>kelly@mcinerneylaw.net |
| 8 | | McInerney & Jones<br>18124 Wedge Parkway, #503 |
| 9 | | Reno, NV 89511<br>(775) 849-3811 |
| 10 | | Fax: (775) 849-3866<br>LEAD ATTORNEY |
| 11 | | ATTORNEY TO BE NOTICED |
| 12 | | Attorneys for Plaintiffs |
| 13 | Dated October 26, 2007 | JONES DAY |
| 14 | | |
| 15 | | By: ___/S/ Donna M. Mezias___<br>        Donna M. Mezias |
| 16 | | Donna M. Mezias (State Bar No. 111902)<br>dmezias@jonesday.com |
| 17 | | Catherine S. Nasser (State Bar No. 246191)<br>cnasser@jonesday.com |
| 18 | | JONES DAY<br>555 California Street, 26th Floor |
| 19 | | San Francisco, CA  94104<br>Telephone:     (415) 626-3939 |
| 20 | | Facsimile:     (415) 875-5700 |
| 21 | | Matthew W. Lampe (admitted *pro hac vic*e)<br>mwlampe@jonesday.com |
| 22 | | JONES DAY<br>222 East 41st Street |
| 23 | | New York, NY 10017<br>Telephone: (212) 326-3939 |
| 24 | | Facsimile: (212) 755-7306<br>*Admitted in Ohio not in New York* |
| 25 | | |
| 26 | | Attorneys for Defendant<br>INTERNATIONAL BUSINESS MACHINES |
| 27 | | CORPORATION |
| 28 | | |

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated October 26, 2007                JONES DAY

By:  /S/ Donna M. Mezias
     Donna M. Mezias

Donna M. Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:      (415) 875-5700

Matthew W. Lampe (admitted *pro hac vic*e)
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
*Admitted in Ohio not in New York*

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

COI-1384879v4