Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:   (775) 849-3811
Facsimile:    (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CHAU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES, a Corporation, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. C 07-03541 MMC<br><br>PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF KEITH WILLIAMS<br><br>Date: November 30, 2007<br>Time: 9:00 a.m.<br><br>Honorable Maxine M. Chesney |

The Plaintiff objects to the Declaration of Keith Williams, filed by IBM. This declaration constitutes IBM's sole attempt to furnish evidence in support of its Motion for Summary Judgment. The Williams Declaration is bereft of evidentiary value. A declaration submitted in lieu of an affidavit in support of summary judgment is subject to the same requirements of an affidavit. *Capital Cities/ABC, Inc. v. Ratcliff*, 953 F. Supp. 1228 (D. Kansas 1997), affirmed 141 F.3d 1405, certiorari denied 119 S. Ct. 173, 525 U.S. 873. The Williams

Declaration is vague, completely lacks foundation, is conclusory, and fails to present the best documentary evidence available. The Plaintiff would respectfully draw this Court's attention to the specific defects by first listing the pertinent language of each paragraph of the declaration and then explaining the particular defects therein. The Plaintiff moves that this declaration be stricken in its entirety or, alternatively, that all parts specifically objected to be stricken under Federal Rule of Civil Procedure 12(f). A motion to strike may be brought because the federal rules do not provide any other technique for challenging affidavits. *Allen v. Woodford*, 2006 U.S. Dist. LEXIS 45254 at *61-62 E.D. Cal. 2006; *Monroe v. Board of Education*, 65 F.R.D. 641, 645 (D. Conn. 1975); *United States of America v. Crisp*, 190 F.R.D. 546, 550 (E.D. Ca. 1999).

**Williams Declaration Paragraph 1:**

> "I am employed by International Business Machines Corporation ("IBM" or the "Company") in the position of Senior Human Resources Partner. The following is based on my personal knowledge or upon my review of Company records maintained in the ordinary course of business and, if called upon to do so, I could and would testify competently thereto."

The declarant fails to explain what a "Senior Human Resources Partner" is or does at IBM. He fails to state when he commenced his employment with IBM and how long he has served in the role of Senior Human Resources Partner. The absence of dates is important because the incident, which is the subject of the instant motion, occurred nearly four years ago, notably in February of 2004. While Williams claims that his declaration is based upon personal knowledge or his review of company records, he fails to tell us which information in the declaration is supposedly based upon personal knowledge and which information is supposedly derived from his review of the company records. Even more significantly, he provides us no

information whatsoever as to how he came to have any "personal knowledge" of the transaction at issue. What did he witness? What did he say or do four years ago? Absent any foundational explanation of how he came to have personal knowledge, his declaration must be disregarded.

**Williams Declaration Paragraph 2:**

> "In my position with IBM, I have access to certain employee personnel file materials and other business records, and I am familiar with the subject matter of this case."

Although Williams asserts that he has access to "certain employee file materials and other business records," he fails to state that he actually did access any file materials or records and he certainly does not provide any clues as to which file materials or other business records he purports to have access to. He does not explain how he has authority to state what records IBM keeps or does not keep as records in the normal course of its business. His statement "I am familiar with the subject matter of this case" is incredibly vague and without any even purported foundation. The "subject matter of this case" is an alleged misclassification and failure to pay overtime to IBM salespeople. To the extent IBM would now have this Court construe the declarant's reference to "the subject matter of this case" to mean the events surrounding Mr. Chau's termination, the declaration completely fails to explain exactly what familiarity the declarant has or how be obtained such familiarity. Thus, the declarant's claim is conclusory, impermissibly vague, and absent foundation. For all we know, the declarant was a senior in high school in De Moines, Iowa in February of 2004. A court is not required to accept as true allegations that are merely conclusory, unwarranted, deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Travelers Casualty & Surety Co. v. Telstar Const. Co.*, 252 F.Supp.2d 917, 923 (D. Arizona 2003).

**Williams Declaration Paragraph 3:**

> "In December 2000, IBM hired Tom Chau. During his employment, IBM classified Mr. Chau as an exempt employee and paid him a salary of $75,000 per year. On February 6, 2004, the Company terminated Mr. Chau's employment as part of a reduction in force."

This paragraph is objectionable because no foundation is shown and because no showing is made that the actual records of IBM regarding the Plaintiff's hire, his classification, his compensation, and his termination are not available. These documents would constitute the best evidence and certainly should have been brought forward in support of a motion of this type. This paragraph is also non-specific. The Defendant asserts that the Plaintiff was classified as "exempt." It is unclear whether this means exempt under California law or under the FLSA. It is noteworthy that the lawsuit challenges the failure to pay overtime under the California Labor Code. Similarly, we are not told when or during what time period the Plaintiff was classified as "exempt" or, for that matter, under which purported exemption (i.e., executive, professional, etc.) he was classified. And, of course, the mere fact that IBM may have classified him as exempt certainly doesn't mean he was actually exempt. The employer has the burden of proving exempt status.

**Williams Declaration Paragraph 4:**

> "Mr. Chau was paid his salary and earned vacation through February 6, 2004 ("Final Wages") at the time of his termination."

Here again, the declarant has shown no foundational basis for his statement and has failed to indicate that the most persuasive evidence, notably the check for salary and earned vacation (plus any documents reflecting the calculations of those amounts), is somehow unavailable. The check would reflect its date of issuance and date of encashment.

How does this declarant know that the Plaintiff was paid at the time of his termination?

Certainly the Plaintiff's evidence shows that he was terminated and received his wages only when he had agreed to sign the layoff package.

**Williams Declaration Paragraph 6:**

> "In consideration for his execution of the Release, IBM paid Mr. Chau $9,681.55 in separation pay. Mr. Chau's execution of the Release was not a requirement for his receipt of the Final Wages."

The statement that IBM paid the Plaintiff $9,681.55 "in consideration for his execution of the Release" lacks foundation and is conclusory. Even more objectionable is the critical sentence in which the declarant concludes "Mr. Chau's execution of the Release was not a requirement for his receipt of the Final Wages." The declarant has not asserted, and likely cannot assert, that he had personal knowledge of what transpired at the time the Plaintiff was laid off. Whether the Plaintiff's receipt of his salary and earned vacation was conditioned upon his signing the Release is a critical issue relating to IBM's ability to enforce the Release. The declarant's unfounded conclusion does not constitute evidence.

Dated: November 9, 2007                          Respectfully submitted,


                                                  /s/ Kevin J. McInerney
                                                 Kevin J. McInerney, Esq.
                                                 *Attorney for Plaintiff*

---

5
PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE                              Case No.
THE DECLARATION OF KEITH WILLIAMS                                           C07-03541 MMC