# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/21/07 | DEPT. 323

HONORABLE CAROLYN B. KUHL JUDGE | N. NAVARRO DEPUTY CLERK

HONORABLE ___ JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

J. O'NEAL, C.A. Deputy Sheriff | NONE Reporter

BC362599

RICHARD WARNER
VS
EXPERIAN INFORMATION SOLUTIONS

Plaintiff Counsel
Defendant Counsel

NO APPEARANCES

COMPLEX (2/08/07)

**NATURE OF PROCEEDINGS:**

COURT'S RULING ON SUBMITTED MATTER

This Court having taken Defendant Experian Information Solution, Inc.'s Demurrer to Plaintiff's Complaint under submission on June 22, 2007, now issues its "Opinion and Order on Defendants' Demurrer to Plaintiff's Complaint," which is filed and entered this date.

Defendant's Demurrer is OVERRULED, as more fully reflected in the Court's Opinion and Order.

The Court sets a Further Status Conference for October 11, 2007 at 9:00 a.m. in Department 323.

Counsel for plaintiff is ordered to give notice to all parties.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 9-21-07 upon each party or counsel named below by depositing in the United States mail at the courthouse

Page 1 of 2    DEPT. 323

MINUTES ENTERED
09/21/07
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 09/21/07 | DEPT. 323 |
| HONORABLE CAROLYN B. KUHL           JUDGE | N. NAVARRO        DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| J. O'NEAL, C.A.        Deputy Sheriff | NONE        Reporter |

| | | |
|---|---|---|
| BC362599<br><br>RICHARD WARNER<br>VS<br>EXPERIAN INFORMATION SOLUTIONS<br><br>COMPLEX (2/08/07) | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 9-21-07

John A. Clarke, Executive Officer/Clerk

**N. NAVARRO**

By: _____
        N. NAVARRO, Deputy Clerk


ERIC M. EPSTEIN
1901 Avenue of the Stars,#1100
Los Angeles, CA 90067

MINUTES ENTERED
09/21/07
COUNTY CLERK

ORIGINAL FILED

SEP 2 1 2007

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD WARNER, individually and on behalf of himself, the general public, and all others similarly situated,<br><br>                      Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>                      Defendants. | Case No. BC 362599<br><br><br>**OPINION AND ORDER ON DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT** |

Defendant Experian Information Solutions, Inc. ("Experian") has demurred to Plaintiff Richard Warner's putative class action complaint. The court has considered all of the briefs, objections and arguments presented on behalf of Plaintiff and Defendant. For the reasons stated in the following Opinion and Order, Experian's Demurrer to the complaint is overruled.

### I. FACTUAL AND PROCEDURAL SUMMARY

Plaintiff was employed at Defendant credit reporting company as a programmer consultant. (See Compl., ¶7.) Plaintiff alleges that Experian misclassified him as an

1

exempt employee, failed to pay him overtime wages and failed to provide him with meal and rest breaks as required under California law. (*Id.*, ¶¶26, 34.) Plaintiff filed a class action complaint against Experian alleging four causes of action for: (1) unpaid overtime wages (Lab. Code §510 and Wage Order No. 4-2001); (2) failure to provide meal and rest periods (Lab. Code §226.7 and Industrial Wage Order No. 4-2001); (3) waiting time penalties (Lab. Code §§201-03); and (4) unfair competition (Bus. & Prof. Code §§17200, *et seq.*).

Plaintiff's complaint defines two classes: (1) "Class A" is comprised of all current and former employees in California who, within four years of the filing of the complaint, served as programmer consultants and were not paid overtime wages; and (2) "Class B" is comprised of all current and former employees in California who, within four years of the filing of the complaint, served as programmer consultants and were not provided with required meal and rest breaks. (Compl., ¶15.) Plaintiff alleges that he is a member of both classes. (*Id.*, ¶¶26, 34, respectively.)

Plaintiff also alleges that at the time his employment relationship with Experian was terminated (on or about June 8, 2005), he signed a document entitled "Acknowledgement and Release Agreement" (Release Agreement). (Compl., ¶8; Exh. A.) In this Release Agreement, Plaintiff purportedly released Experian from, among other things, all claims, wage demands and causes of action (known or unknown, suspected or unsuspected), that Plaintiff had against Experian, including, but not limited to, all occurrences, acts, and omissions in any way connected to Plaintiff's employment relationship with Defendant and the termination of said employment. (*Id.*) The Release Agreement contained a provision by which Plaintiff acknowledged and agreed that he

2

had been paid all wages and accrued vacation owing to him at the time of his termination, and that no additional amount was owed to him. (*Id.*)

Plaintiff alleges that at the time he signed the Release Agreement, he had no knowledge that he was entitled to the overtime wages he claims in this lawsuit. (See Compl., ¶9.) Accordingly, there was no dispute over wages at the time Plaintiff executed the Release Agreement. Plaintiff alleges that "[t]he purported release contained in the Release Agreement is unenforceable in that it violates Labor Code, Sections 206.5 and Section 1194(a), and therefore Defendant is estopped from asserting the Release Agreement as a defense to the causes of action set forth herein." (*Id.*, ¶10.)

Pursuant to Code of Civil Procedure §§430.10(a) and (e), Experian demurs to Plaintiff's Complaint on the ground that each of the four causes of action is barred by the Release Agreement executed by Plaintiff as alleged in the Complaint. Experian asserts that neither Labor Code section 206.5 nor 1194(a) prohibits the release of a claim regarding the propriety of an employee's classification as an exempt employee or a claim that an employee worked overtime hours. Experian argues that such factual disputes can be, and have been, waived by Plaintiff when he signed the Release Agreement.

Plaintiff contends that the Release Agreement does not void his claims because Labor Code section 206.5 plainly states that any release is null and void to the extent it purports to release any claim or right on account of wages due, unless payment of such wages has been made. Plaintiff asserts that Section 206.5 is clear and that Defendant improperly attempts to alter that statute's meaning by importing language found in Section 206.

3

## II. LEGAL ANALYSIS

### A. Demurrers Generally

"In reviewing the sufficiency of a complaint against a general demurrer, this court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) A demurrer is sustained where the complaint fails to state facts sufficient to constitute a cause of action. (*Id.*) In analyzing demurrers, courts determine whether parties allege facts sufficient to justify relief on any legal theory. (*Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1811-12.) Material facts properly pled are taken as true. (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 713.) Courts construe liberally all allegations stated in a pleading subject to demurrer. (Cal. Code. Civ. Proc. §452; *Taylor v. S&M Lamp Co.* (1961) 190 Cal.App.2d 700, 703-04. Demurrers should be sustained where the pleadings fail to state facts sufficient to constitute a cause of action. (Cal. Code Civ. Proc. §430.10(e).)

### B. Relevant Statutory Provisions

Labor Code section 206 provides that an employer must pay wages that it concedes are due, even when there is a dispute over additional sums that the employee claims are owed. The statute states:

> (a) In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.
>
> (b) If, after an investigation and hearing, the Labor Commissioner has determined the validity of any employee's claim for wages, the claim is due and payable within 10 days after receipt of notice by the employer that such wages are due. Any employer having the ability to pay who willfully fails to pay such wages within 10 days shall, in addition to any other applicable penalty, pay treble the

4

amount of any damages accruing to the employee as a direct and foreseeable consequence of such failure to pay.

Labor Code section 206.5, enacted subsequent to Labor Code section 206, addresses releases and provides:

> No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor.

Labor Code section 1194(a) allows an employee to file a lawsuit to recover overtime compensation regardless of an express agreement to work for a lower wage:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

C. <u>Plaintiff Sufficiently Alleges that the Release Agreement is Unenforceable</u>

Plaintiff contends that the Release Agreement he signed on or about June 8, 2005 is unenforceable because it violates Labor Code sections 206.5 and 1194(a). (Compl., ¶10.) The relationship between Section 206.5 and Section 206 is at the heart of the disagreement between Plaintiff and Defendant, and is an appropriate starting point for this discussion.

Labor Code section 206 was enacted prior to section 206.5 and should be considered first. Section 206 addresses the potential that an employer who disagrees with its employee over the amount of wages due may attempt to obtain leverage over the employee in the dispute by refusing to pay all wages, including amounts the employer concedes are due. The statute establishes a more level playing field between employer

5

and employee with respect to a wage dispute by requiring that undisputed wages be paid timely and unconditionally. The employee then may pursue the disputed amount by filing suit or seeking other available remedies.

Section 206 does not address how disputed wage claims should be resolved and does not consider whether such claims may be released. Thus, section 206 does not resolve the issue raised by the demurrer in this case. The complaint alleges that, at the time plaintiff left his employment with Experian, there was no dispute over overtime or other wages due. By implication, Experian paid plaintiff all of the wages Experian conceded were due. Indeed, plaintiff alleges no violation of section 206.

Section 206, however, provides a background against which section 206.5 must be understood. The statutory scheme enacted by the legislature should be considered as a whole, attempting to give effect to every part.

Experian argues that "[s]ection 206.5 applies only when the dispute between an employer and employee involves the amount of wages due, and the employer coerces a settlement of that wage dispute by withholding payment of the portion the employer concedes is due." (Experian's Reply Brief at p. 1.) But this argument only could be sustained by improperly adding words to the statute. Section 206.5 does not say anything about withholding wages to coerce settlement of a dispute. Moreover, section 206.5 is not limited by its terms to situations in which there is a dispute between employee and employer at the time the release is signed.

The omission of a reference to a dispute in section 206.5 is particularly significant because, in enacting section 206.5, the legislature was acting against the background of section 206, which addresses employer conduct when a wage dispute has arisen. It can

be inferred from the legislative context that, if the legislature had intended section 206.5 to be limited to situations in which a dispute had arisen at the time the release was signed, it would have expressed that limitation. Instead, the legislature precluded requiring release of "any claim or right" to wages. (Labor Code §206.5.) The release of a "right" can be required even when the person entitled to the right is not aware of that entitlement. That is the circumstance alleged in the Complaint; plaintiff states that when he signed the Release Agreement he was unaware he was entitled to overtime wages.

It follows, then, that section 206.5 is properly read, according to its plain meaning, as applicable to "*any* release of *any* claim or right" to wages owed but not paid. (*Id.* (emphasis added).) If such release is "require[d]" by the employer, it is null and void. (*Id.*)

Defendant argues that such a broad prohibition on release of claims is contrary to the general policy of the law favoring settlement and enforcement of contracts. But section 206.5 is not the only statute that makes an exception to the policy favoring enforcement of contracts when the subject of the contract is employee wages. Labor Code section 1194(a) effectively voids all contracts to provide work in return for a salary less than minimum statutory standards. California law is unabashedly paternalistic in protecting employees from substandard wages, regardless of an employee's ignorance of his statutory rights or willingness to forego those rights. (*Cf.*, Labor Code §5001 (worker's compensation benefits may not be compromised without approval of the appeals board or referee).)

Interpreting Labor Code section 206.5 to nullify a release of unknown wage claims if the release is "require[d]" is consistent with relevant case law. In *Reid v.*

7

*Overland Machined Products* (1961) 55 Cal. 2d 203, the defendant employer sent plaintiff employee a check for wages concededly due, but with a restrictive endorsement noting that the check represented payment in full of all commissions due. The plaintiff did not cash the check, and sued the employer to recover all wages that plaintiff believed to be due. The employer contended that plaintiff's retention of the check constituted an accord and satisfaction. (55 Cal. 2d at 206-07.) The Supreme Court rejected the employer's argument. The Court noted that Labor Code Section 206 expressly precluded the type of activity undertaken by the employer – that is, attempting to coerce a settlement of disputed wages by offering conditional payment. (*See id.*)

Defendant cites the following statement by the *Reid* court in support of its contention that the release at issue in this case should be enforced: "An employer and employee may of course compromise a bona fide dispute over wages but such a compromise is binding only if it is made after the wages concededly due have been unconditionally paid." (*Reid, supra*, 55 Cal.2d at 207.) However, the *Reid* Court did not take into account the effect of Labor Code section 206.5, because the facts at issue in that case occurred before the enactment of section 206.5 and thus could not have been subject to that statute. (*See, id.* at 206 (events giving rise to the case occurred in 1954); Stats. 1959, c. 1066, p. 3127 (memorializing enactment of section 206.5).) Moreover, as discussed below, section 206.5 does not preclude compromise of a "bona fide dispute over wages."

In *Sullivan v. Del Conte Masonry Co.* (1965) 238 Cal.App.2d 630, plaintiff brought an action against his former employer seeking an accounting and payment of money due under an employment agreement. (*Id.* at 631.) As in *Reid*, the plaintiff

8

employee was sent a check for wages concededly due, but with a restrictive endorsement. This plaintiff struck out the endorsement, cashed the check, and sued for additional wages he alleged were due. (*Id.* at 632.) The *Sullivan* court relied on *Reid* to reject the defendant employer's contention that the check constituted an accord and satisfaction. (*Id.* at 633.)

As pointed out by the *Sullivan* court, the situation presented was a dispute over negotiation of a check for wages concededly due, which was governed by Labor Code section 206. (*See id.* at 631.) However, the Court of Appeal did state, relying on *Reid*: "This is not to say . . . that an employer and employee may not compromise a bona fide dispute over wages. But such a compromise is binding only if made after wages concededly due have been unconditionally paid." (*Id.* at 634, *citing Reid, supra,* 55 Cal. 2d at 208.) This statement is not inconsistent with this court's interpretation of Labor Code section 206.5

As discussed above, section 206.5 is utterly general in its applicability to "*any* release of *any* claim or right . . . ." (Labor Code §206.5 (emphasis added).) The act prohibited is an employer's "requir[ing] the execution" of a release of a wage claim. Labor Code section 206 expressly determines that it is improper for an employer to withhold wages concededly due to gain leverage in seeking a release of a disputed wage claim. Construing the statutory provisions together, section 206.5 should be interpreted to preclude at least that which section 206 does not allow. That is, an employer's withholding of wages concededly due while asking for a release of all wage claims should be considered "requir[ing]" execution of a release.

By implication, section 206.5 also should be interpreted to bar a release of wage claims demanded by an employer in exchange for any employment benefit to which the employee is entitled. That is, a release of wage claims is "require[d]" within the meaning of section 206.5 when an employee must sign the release to obtain any employment benefit otherwise due. While section 206.5 should be interpreted to prohibit that which section 206 also precludes, section 206.5 should not be interpreted to prohibit only releases that would be improper under section 206, because then the limitations of section 206.5 would be superfluous.

Conversely the statements in *Reid* and *Sullivan* strongly suggest that when there is a bona fide, actual dispute over wages between an employer and an employee, and the employer does not withhold benefits due the employee or otherwise coerce resolution of the disputed wage claim, the employer and employee may compromise that claim. But such a release is binding only if executed "after wages concededly due have been unconditionally paid." (*Sullivan, supra,* 238 Cal.App.2d at 634.)

The question then arises as to whether an employer "require[s]" release of a right to wages within the meaning of section 206.5 when the employer offers a severance payment to an employee in exchange for release of *unknown* wage claims. Such a release cannot be characterized as a compromise of a "bona fide dispute over wages." (*See, id.*) An employee cannot be said to have a bona fide dispute with his employer when the employee is unaware of his potential right to particular wages. The phrase "bona fide dispute" implies a good faith disagreement. A subjective attitude of good faith on the part of employee and employer is not possible unless each side is aware of the subject of

10

the dispute. Thus, an employer may not enforce a blanket release of unknown wage claims.

Plaintiff has alleged that he was required to sign the Release Agreement and that when he signed the Release he had no knowledge he was entitled to the overtime wages he claims in this lawsuit. Based on the analysis set forth above, the Release Agreement is unenforceable under the circumstances alleged in the Complaint.

## ORDER

For the reasons set forth above, Defendant Experian's Demurrer to Plaintiff Warner's Complaint is overruled.

DATED: September 21, 2007

CAROLYN B. KUHL
Judge of the Superior Court

11