Donna M. Mezias (State Bar No. 111902)
dmezias@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tom Chau, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>**Defendant.** | **Case No. C07-03541 MMC**<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF KEITH WILLIAMS**<br><br>Date:     November 30, 2007<br>Time:    9:00 a.m.<br>Judge:   Hon. Maxine Chesney<br>              Courtroom 7, 19th Floor |

In its Motion for Summary Judgment ("Motion"), Defendant International Business Machines Corporation ("IBM") demonstrated that this matter should be dismissed because Plaintiff Tom Chau ("Chau") executed a valid and binding Release that waived the claims that he seeks to assert in this case.  The declaration of Keith Williams ("Williams Declaration"), submitted in connection with that Motion, sets forth straightforward, non-controversial, and objective facts, and it introduced and authenticated the Release that Chau signed.

Chau has readily admitted all the facts set forth in the Williams Declaration:  that Chau is a former IBM employee, that he was terminated as part of a reduction in force, that he signed the Release, that IBM paid him severance pay after he executed the Release, and that the Company paid him his salary and vacation through the date of his termination.  Nevertheless, Chau purports

to object to four of the five paragraphs in the Williams' Declaration. Tellingly, Chau has not objected to Paragraph 5 of the Declaration, which introduces and authenticates Chau's Release.

Chau's objections are meritless as demonstrated by his admission of the substantive facts set forth in the Williams Declaration. Moreover, the objections are without any legal basis, and should be overruled.

## I.     Chau's Objections To Paragraph 1 Are Baseless

In Paragraph 1 of his Declaration, Williams identifies himself as Senior Human Resources Partner for IBM, and he states that his declaration is based on personal knowledge or a review of business records. Chau objects to this testimony, but although he notes several matters to which Williams does not testify, Chau fails to identify the exact legal basis for his objections. *See*, *e.g.*, Objections, p. 2 (Williams "fails to state when he commenced his employment with IBM and how long he has served in the role of Human Resources Partner.").

Paragraph 1 is plainly admissible. Under Fed.R.Evid. 602, a witness is generally permitted to testify about relevant matters "within her personal knowledge." *See U.S. v. Fourstar*, 87 Fed.Appx. 62, 64 (9th Cir. 2004); *see also* Fed.R.Evid. 402 (the default rule is that "[a]ll relevant evidence is admissible"). Williams obviously has personal knowledge as to the name of his own employer, and his own position, and this information establishes a foundation for the remainder of the Declaration. *See Barthelemy v. Airline Pilots Ass'n.*, 897 F.2d 999, 1018 (9th Cir. 1990) (holding that "personal knowledge and competence to testify are reasonably inferred from [a witness'] position[]"). Similarly, Williams has personal knowledge of the documents he reviewed in connection with his Declaration, and this personal knowledge is foundation for the remainder of the Declaration. *See Laurent Beverly Hills v. Ford Motor Co.*, 1996 WL 733188 at *3 (9th Cir. Dec. 11, 1996) (the personal knowledge necessary to establish a foundation for an affidavit "may come from a review of pertinent files and records").

Chau has failed to identify any legal grounds on which Paragraph 1 may be excluded. His nebulous objections should be overruled.

**II.    Chau's Objections To Paragraph 2 Are Likewise Meritless**

In Paragraph 2 of his Declaration, Williams testifies that, in connection with his Senior Human Resources Partner position, he has access to personnel files and other business records, and that he is familiar with the subject matter of this case. The basis for Chau's objection to this testimony is not entirely clear, but Chau erroneously asserts (Objections p.3) that the testimony is "impermissibly vague, and absent foundation."

Williams' access to business records is a matter that is both plainly within his personal knowledge and establishes the foundation for other statements in his Declaration. *See Fourstar*, 87 Fed.Appx. at 64 (a witness may testify to "matters within her personal knowledge"); *Barthelemy*, 897 F.2d at 1018 ("personal knowledge and competence to testify are reasonably inferred from [a witness'] position[]"). Furthermore, while IBM certainly disputes that Williams' testimony is vague, the Federal Rules of Evidence do not provide that vagueness is a grounds for inadmissibility. Williams' objections to Paragraph 2 should be overruled.

**III.    Chau's Objections To Paragraph 3 Are Legally Unavailing**

In Paragraph 3 of his Declaration, Williams testifies that IBM hired Chau in 2000, classified him as exempt during his employment, paid him a salary of $75,000 per year, and terminated him on February 6, 2004 as part of a reduction in force. These are points that Chau concedes in his own declaration. Chau Dec., ¶¶ 1, 2, 10. Nevertheless, Chau objects that this paragraph lacks foundation and "is . . . non-specific." Objections p.4 (complaining that Williams is not clear "whether this means exempt under California law or under the FLSA"). Chau also apparently contends that Paragraph 3 runs afoul of the best evidence rule. *Id.* (complaining that "no showing is made that the actual records of IBM regarding the Plaintiff's hire, his classification, his compensation, and his termination are not available"). Such objections are baseless.

First, as the foregoing suggests, Williams established the foundation for Paragraph 3 of his Declaration in Paragraphs 1 and 2, where he testified to his position, the fact that he has access to business records as part of his job, and that he reviewed pertinent records in connection with his affidavit. *See Fourstar*, 87 Fed.Appx. at 64.

1    <u>Second</u>, while IBM disputes that the Williams Declaration lacks specificity, the Federal Rules of Evidence do not identify so-called lack of specificity as a ground for inadmissibility.

<u>Third</u>, Chau's apparent argument under the best evidence rule is misguided. That rule provides that, as a general matter, an original is required "[t]o prove the content of a writing, recording, or photograph." Fed.R.Evid. 1002. The rule is not applicable, however, where a party seeks to prove something other than the contents of a document. It is well settled that "an event may be proved by nondocumentary evidence, even though a written record of it was made." Fed.R.Evid. 1002, Advisory Committee Notes. For example, "[e]arnings may be proved without producing books of account in which they are entered." *Id.*

In Paragraph 3 of his Declaration, Williams testifies as to specific events and facts related to Chau's employment – *e.g.*, Chau's hire date, his classification, his pay, his termination date. These events and facts may be proved without the submission of documents, and the best evidence rule in no way precludes Williams' testimony.

**IV.    Chau's Objections To Paragraph 4 Are Baseless**

In Paragraph 4 of his Declaration, Williams testifies that, at the time Chau was terminated, IBM paid Chau his salary and earned vacation. This is another point on which Williams and Chau agree. *See* Chau Dec., ¶¶ 4, 8; Chau's Opposition to IBM's Summary Judgment Motion, p. 2. Nevertheless, Chau objects on foundational and (apparently) best evidence grounds. Objections, p. 4 (complaining that Williams "failed to indicate that the most persuasive evidence, notably the check for salary and earned vacation (plus any documents reflecting the calculation of those amounts), is somehow unavailable").

These objections fail for the same reason as Chau's objections to Paragraph 3. Williams established the foundation for this testimony in Paragraphs 1 and 2 of his Declaration, and there is simply no requirement that IBM prove the amounts and dates of its payments to Chau with documents rather than testimony. *See* Fed.R.Evid. 1002, Advisory Committee Notes (providing that "[e]arnings may be proved without producing books of account in which they are entered").

**V.     Chau's Objections To Paragraph 6 Fail**

Finally, in Paragraph 6 of his Declaration, Williams testifies that Chau received $9,681.55 in separation pay as consideration for his Release, and that Chau's execution of his Release was not a requirement for his receipt of his final salary and vacation payout. Chau agrees with at least the first of these points. *See* Chau Dec., ¶ 8.

However, Chau objects (Objections p. 5) that Paragraph 6 "lacks foundation and is conclusory." This objection is baseless for familiar reasons: Paragraphs 1 and 2 of the declaration provide the foundation for William's testimony, and Williams' statements are not conclusory because they constitute specific statements of the status of Chau's pay at the time of his termination.

**VI.     Conclusions**

For the foregoing reasons, this Court should overrule Chau's objections, and consider the Williams Declaration in its entirety.

Dated: November 16, 2007                              Respectfully submitted,

                                                      Jones Day


                                                      By:    /S/ Donna M. Mezias
                                                          Donna M. Mezias
                                                      Counsel for Defendant
                                                      INTERNATIONAL BUSINESS MACHINES
                                                      CORPORATION