Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:    (775) 849-3811
Facsimile:    (775) 849-3866
kevin@mcinerneylaw.net
kelly@mcinerneylaw.net
caj@mcinerneylaw.net

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CHAU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES, a Corporation, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. C 07-03541 MMC<br><br>**PLAINTIFF'S SURREPLY BRIEF ON PAROL EVIDENCE**<br><br>Honorable Maxine M. Chesney<br>Courtroom 7 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Jinro America Inc. v. Secure Investments, Inc.*
    (2001) 266 F.3d 993 ................................................................... 5

*Sentry Select Ins. Co. v. Royal Ins. Co. of America*
    (2007) 481 F.3d 1208 .................................................................. 3

*West v. Conrad*
    177 F.2d 252 (9th Cir. 1949) ....................................................... 3

*Zevada Enterprises, Inc. v. Sasson*
    (Ca 2005) 2005 WL 2742815 ..................................................... 2

## STATE CASES

*De Armas v. Dickerman*
    (1952) 108 Cal.App.2d 548 ........................................................ 4

*Endicott v. Rosenthal*
    (1932) 216 Cal. 721 .................................................................... 4

*Homani v. Iranzadi*
    (1989) 211 Cal.App.3d 1104 ...................................................... 3

*Lebal Co. of American, LTD. v. Mastrup*
    (1942) 51 Cal.App.2d 232 .......................................................... 4

*Lewis and Queen v. N.M. Ball Sons*
    (1947) 48 Cal.2d 141 .................................................................. 1

*May v. Herron*
    (1954) 127 Cal.App.2d 707 ........................................................ 3

*Mitchell v. Leslie*
    (1995) 39 Cal.App.4th Supp. 7 ................................................... 4

*Morey v. Paladini*
    (1922) 187 Cal. 727 .................................................................... 4

*Pacific State Bank v. Greene*
    (2003) 110 Cal.App.4th 375 ....................................................... 3

*Precision Fabricators, Inc. v. Levant*
    (1960) 182 Cal.App.2d 637 ..................................................... 1, 5

## CALIFORNIA STATUTES

Cal. Labor Code §201………………………………………………………….. 1

Cal. Labor Code §203………………………………………………………….. 1

Cal. Labor Code §206.5………………………………………………………… 1, 2

Cal. Labor Code §1194………………………………………………………… 1

## OTHER REFERENCES

*Williston on Contracts*
    Chapter 33, Section 17……………………………………………….. 3

Witkin, *California Evidence* (4th Ed. 2000)
    Chapter 8(V)(C)(4)§100...…………………………………………….. 2

Witkin, *Summary of California Law* (10th Ed. 2005) Volume 1, Contracts
    §420, 679, 682(7)……………………………………………………. 1

ii
PLAINTIFF'S SURREPLY BRIEF ON PAROL EVIDENCE
Case No. C07-03541 MMC

The issue to be briefed is whether the parol evidence rule embodied in California Civil Code §1856 acts to bar testimony that the release is, at least in part, illegal and invalid because its execution was sought by withholding wages concededly owed. The plaintiff asserts that this withholding violated public policy embodied in statutes enacted for the public good, which statutes the individual parties could not waive. These statues are Labor Code §§201, 203, 206.5, and 1194.[1] The short answer is that whenever there is any evidence that a contract, here the release, implicates a statutory violation, the California Supreme Court has said that not only does such evidence come in, but California courts are duty bound to explore the evidence to protect the public policy embodied in the particular statute. *Lewis & Queen v. N.M. Ball Sons* (1947) 48 Cal.2d 141, 147-148; *Precision Fabricators, Inc. v. Levant* (1960) 182 Cal.App.2d 637, 642.

Witkin, *Summary of California Law* (10th Ed. 2005) Volume 1, Contracts, §420 states: "The object of a contract must be lawful (C.C. 1550); i.e., it must not be in conflict with either the express statutes or public policy…If the contract has a single object, and that object is unlawful (whether in whole or in part), the entire contract is void." Witkin goes on, "C.C. 3513 provides: "Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a *public reason* cannot be contravened by a private agreement." Waivers of Statutory Rights – Valid Waivers, Section 679 [Procedural Provisions]. Very specifically, Witkin, in the section pertaining to Invalid Waivers, Section 682(7) [Waivers by Employees],

---

1. The plaintiff's position is not that there cannot be a release of wage claims; indeed, §206 envisions a release, settlement or accord. Rather, he asserts that an employee cannot release overtime claims by a private agreement (§1194) and an employer certainly cannot require the execution of such a release of overtime without first paying the wages that are due. It is this second position that is the immediate issue. Labor Code §201 makes it very clear that where, as here, the employer discharges an employee, all wages must be paid "immediately." Here there is no dispute that Chau was entitled to his salary but that check was withheld and IBM "require[d] the execution of [a] release." This was the statutory violation of §206.5. IBM's contention that the release was not effective for seven days is meritless for two reasons. First, §206.5 forbids requiring the "execution" of a release, and, secondly, because the plaintiff was not paid his salary "immediately" when his manager terminated him (as required by §201); he continued to accrue salary by operation of law under §203 until he was paid (of course, IBM has submitted no evidence that Chau has ever been paid those statutory wages). It is the failure of the employer to abide by the Labor Code that Chau seeks to introduce via his declaration earlier submitted in opposition to summary judgment. The relevant statutes are set forth in Plaintiff's Cases and Statutes.

states: "A number of statutes expressly preclude waivers of employment rights, including…(7) Release of claim for wages due or to become due. (Lab.C. 206.5)."[2]

Both California Code of Civil Procedure §1856(f) and (g) are relevant to this case:

> **§1856. Terms in writing intended as final expression of agreement; exclusion of parol evidence; exceptions**
> (a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.
>
> *****
>
> (f) <u>Where the validity of the agreement is the fact in dispute</u>, this section does not exclude evidence relevant to that issue.
> (g) This section does not exclude other evidence of the <u>circumstances</u> under which the agreement was made or to which it relates … to establish illegality or fraud. [emphasis added]

Witkin, *California Evidence* (4th Ed. 2000), in Chapter 8 (Documentary Evidence), Section V. (Parol Evidence Rule) C. (When Extrinsic Evidence Is Admissible) 4. (Evidence That Writing Is Invalid or Ineffective), §100 titled Illegality reads as follows:

> "Parol evidence is always admissible to show a consideration or object in violation of law which renders the purported agreement void." [Citing to C.C.P. 1856(g) and the Restatement 2d, Contracts, §214(d), among other authorities.][3]

---

2. Labor Code §206.5 specifically provides that any release is <u>void</u> where its execution was required by a withholding of wages due.
3. Restatement (Second) of Contracts §214 states:

> Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish
> (a) that the writing is or is not an integrated agreement
> (b) that the integrated agreement, if any, is completely or partially integrated;
> (c) the meaning of the writing, whether or not integrated;
> (d) **illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause**;
> (e) ground for granting or denying rescission, reformation, specific performance, or other remedy
>
> Comment *c* reads as follows:
> "*Invalidating cause.* What appears to be a complete and binding integrated agreement may be a forgery, a joke, a sham, or an agreement without consideration, or it may be voidable for fraud, duress, mistake, or the like, or it may be illegal. **Such invalidating causes need not and commonly do not appear on the face of the writing. They are not affected even by a "merger" clause.** See Comment *e* to § 216." [emphasis added]

Section 214 of the Restatement 2d of Contracts has been cited with approval by many courts in California, including but not limited to the Second District Court of Appeal in *Zevada Enterprises, Inc. v. Sasson*

In *Homani v. Iranzadi* (1989) 211 Cal.App.3d 1104, 1112 the parties entered into a contract which specified that no interest would be paid on a promissory note but the lender testified that the parties had an oral agreement for the payment of interest and that the "no interest" provision of the note was for the purpose of avoiding reporting the interest income for state and federal income tax purposes. The Court of Appeal considered this extrusive evidence and observed:

> "First, event though a written contract is legal on its face, evidence may be introduced to establish its illegal character. (May v. Herron, supra, 127 Cal.App2d 707, 710-711.) And if the substance of the transaction is illegal, it matters not when or how the illegality is raised in the course of the lawsuit. Whether the evidence comes from one side or the other, the disclosure is fatal to the case. (Russell v. Soldinger, supra, 59 Cal.App.3d 633, 642; Loving & Evans v. Blick, supra, 33 Cal2d"

In *West v. Conrad*, 177 F.2d 252, 253-254 (9th Cir. 1949), the court held:

> "Parol evidence is admissible to show the legality or illegality of a contract." In a dispute over a lease, the Ninth Circuit found that parol evidence should have been admitted to demonstrate "the actual use to which the property was put (i.e., whether it was used as a housing accommodation or as a business…)."

Although the *West* trial court had found that at the time the parties made the lease that it was the mutual intention and contemplation of the parties that the premises were to be used by the plaintiff for business purposes, the appellate court held that parol evidence in the form of how the premises were actually used (whether residential or business) was determinative

---

(Ca 2005) 2005 WL 2742815, *4, fn 2; the Third District Court of Appeal in *Pacific State Bank v. Greene* (2003) 110 Cal.App.4th 375, 387; and the Ninth Circuit Court of Appeals in *Sentry Select Ins. Co. v. Royal Ins. Co. of America* (2007) 481 F.3d 1208, 1221. See also *Williston on Contracts*, Chapter 33, The Parol Evidence Rule, Section 17, which states:

> "Since the parol evidence rule does not become applicable unless there is a written integration of the agreement, it may be shown by parol evidence not only that a writing was never executed or delivered as a contract, but also that the agreement was rendered invalid, void, or voidable by such causes as fraud, illegality, duress, mutual mistake, lack or failure of consideration, and incapacity. As articulated by the Restatement, "Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish … illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause." [footnotes omitted]

---

because violation of the rent control statute, the basis of the alleged illegality, focused on the actual use, as opposed to how the contract described the use.

In *Lebal Co. of American, LTD. v. Mastrup* (1942) 51 Cal.App.2d 232, 233, petition for rehearing by the Supreme Court denied June 11, 1942, the court held:

> "Parol evidence is always competent to show that a written contract lawful on its fact, is illegal or part of an illegal transaction, and such illegality, if serious, need not be pleaded nor urged, to enable the court to act upon it…The parol evidence rule 'does not apply so as to preclude the admission of evidence to show that the consideration was vicious or illegal, for if such evidence were excluded the policy of the law in making a deed, contract, or other undertaking founded on an illegal consideration void would be defeated by the parties expressing on the face of the instrument a legal consideration." [Contract in writing for sale of shares of stock was void for nonconformity with the requirements of the permit from the Corporation Commissioner, even that written contract of sale showed conformity on its face, because parol evidence admitted over objection showed the actual intentions of the parties was that the sale was not to be made for cash.] See also *May v. Herron* (1954) 127 Cal.App.2d 707, 710-712; *Morey v. Paladini* (1922) 187 Cal. 727, 738-739 [California Supreme Court held that parol evidence was admissible to show that the contract was one in restraint of trade and therefore illegal and void; *De Armas v. Dickerman* (1952) 108 Cal.App.2d 548, 552; and *Endicott v. Rosenthal* (1932) 216 Cal. 721, 728-729.

In *Mitchell v. Leslie* (1995) 39 Cal.App.4th Supp. 7, in an action brought by a tenant against her landlords to recover excess rent charged separately for furniture rental, the appellate court held that the trial court did not violate the parol evidence rule by admitting testimony by the tenant that contradicted the terms of the written agreement between the parties, since the validity or legality of the furniture rental agreement, about which she testified, was the fact in dispute. Specifically, the tenant claimed that the furniture rental agreement was invalid because she was told she could not rent the subject unit unless she agreed to pay additional monthly rent for furniture. *Id.* at 10. The court held that the furniture rental agreement was not valid because it violated the rent control ordinances and "where the validity or legality of an agreement is the fact in dispute, the parol evidence rule does not preclude testimony relevant to that issue." *Id.* at 12.

---

4
PLAINTIFF'S SURREPLY BRIEF ON PAROL EVIDENCE                                    Case No.
                                                                                C07-03541 MMC

In *Jinro America Inc. v. Secure Investments, Inc.* (2001) 266 F.3d 993, 998-999, the Ninth Circuit Court of Appeals held that parol evidence was admissible, despite a seemingly valid, integrated agreement, to show the agreement was, in fact, a cover for illegal conduct. The Circuit looked to Arizona law, which adopts the Restatement.

The fact that our instant case deals with a release is of no consequence. For example, *Precision Fabricators, Inc. v. Levant* (1960) 182 Cal.App.2d 637, 642-644, involved a written contract that was alleged to be illegal because the business entity was not properly licensed. The parties initially resolved their dispute over monies owed by entering into an accord. When full payment was not made under the terms of the accord, suit was commenced. The Court of Appeal stated:

> "The fact that suit was brought on the accord and account stated instead of on the contract is of no avail ... These acts do not purge the original matter of its illegality so as to permit this court to enforce the contract directly ... Where an illegality is shown to exist, the courts will leave the parties where they were at the outset." (citations omitted).

Dated: December 10, 2007                    Respectfully submitted,


                                             /s/ Kevin J. McInerney
                                            Kevin J. McInerney, Esq.
                                            *Attorney for Plaintiff*

**PROOF OF SERVICE**
Tom Chau v. International Business Machines
United States District Court, Northern District of California
Case No. C 07-03541 MMC

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada. I am over the age of eighteen (18) years and not a party to the within action; my business address is 18124 Wedge Parkway, #503, Reno Nevada, 89511.

On December 10, 2007, I served the foregoing document(s) described as:

1. Plaintiff's Surreply Brief on Parol Evidence
2. Plaintiff's Cases and Statutes

on all interested parties in this action addressed to the addressee as follows:

Donna Mezias
Catherine Nasser
JONES DAY
555 California Street
San Francisco, CA 94105

Matthew W. Lampe
*Admitted Pro Hac Vice*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215

__XX__ By CM/ECF. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2007, at Reno, Nevada.

/s/ Jennifer Smith
Jennifer Smith