# EXHIBIT E

Westlaw.

124 P.2d 348 Page 1

51 Cal.App.2d 232, 124 P.2d 348
**(Cite as: 51 Cal.App.2d 232, 124 P.2d 348)**

C
Lebal Co. of America v. Mastrup
Cal.App.3.Dist.
    LEBAL COMPANY OF AMERICA, LTD. (a Corporation), Respondent,
v.
LOUIS I. MASTRUP, Appellant.
**Civ. No. 6685.**

District Court of Appeal, Third District, California.
Apr. 13, 1942.

HEADNOTES

**(1)** Evidence § 384--Extrinsic Evidence--Invalidating Instrument.
Parol evidence is competent to show that a written contract lawful on its face is illegal or part of an illegal transaction.
See 10 **Cal. Jur.** 935; 20 **Am. Jur.** 956.
**(2)** Corporations § 174--Corporate Securities Act--Permit to Sell-- Violation.
A written contract for the sale of corporate stock is void for nonconformity with the requirements of the permit of the Corporation Commissioner, though the contract may be lawful on its face.
See 6A **Cal. Jur.** 559.

SUMMARY

APPEAL from a judgment of the Superior Court of Sonoma County. Donald Geary, Judge. Reversed.

Action for purchase price of shares of stock. Judgment for plaintiff reversed.

COUNSEL
Lounibos & Lounibos for Appellant.
George B. Keane, Murphy & Brownscombe and A. Dal Thomson for Respondent.

HAWKINS, J. pro tem.
Defendant appeals from a judgment for the entire purchase price of certain shares of the capital stock of respondent corporation.

Respondent, a California corporation, held a permit from the Corporation Commissioner to sell this stock for cash or for not less than 25 per cent in cash, the balance payable in six equal monthly cash installments.

A contract in writing for the sale of this stock from respondent to appellant was duly executed by both parties. This contract was in all respects regular upon its face and called for payment in full in cash upon the execution thereof.

However, the evidence shows without contradiction that at no time, either before or after the execution of said contract, was it contemplated by the parties that the sale was to be *233 made for cash, but that appellant would pay for said stock at an uncertain time in the future, when he was able to sell some Transamerica stock owned by him, which at the time of the negotiations was impounded in another transaction. Nothing has been paid on the purchase price.

(1) Appellant contends that the sale was void because it did not conform to the requirements of the permit from the Corporation Commissioner. Answering this contention, respondent asserts that the written contract of sale shows conformity on its face and that because of the parol evidence rule, the evidence of the actual intentions of the parties should not have been received by the trial court and cannot here be considered.

"Parol evidence is always competent to show that a written contract lawful on its face, is illegal or part of an illegal transaction, and such illegality, if serious, need not be pleaded nor urged, to enable the court to act upon it." (3 Williston on Contracts, sec. 1753, p. 3060; *Morey v. Paladini,* 187 Cal. 727

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 P.2d 348 Page 2

51 Cal.App.2d 232, 124 P.2d 348
**(Cite as: 51 Cal.App.2d 232, 124 P.2d 348)**

[203 Pac. 760]; *Endicott v. Rosenthal,* 216 Cal. 721 [16 P. (2d) 673]; Code Civ. Proc., sec. 1856.)

The parol evidence rule "does not apply so as to preclude the admission of evidence to show that the consideration was vicious or illegal, for if such evidence were excluded the policy of the law in making a deed, contract, or other undertaking founded on an illegal consideration void would be defeated by the parties expressing on the face of the instrument a legal consideration." (22 C. J., p. 1170, sec. 1567.)

(2) The contract for the sale of this stock is void for nonconformity with the requirements of the permit of the Corporation Commissioner. (*Commercial Building Co. v. Levy,* 108 Cal. App. 54 [290 Pac. 1048]; *Commercial Building Co. v. Summers,* 117 Cal. App. 428 [3 P. (2d) 1033]; *Domenigoni v. Imperial Livestock & Mortgage Co.,* 189 Cal. 467 [209 Pac. 36]; *Imperial Livestock & Mortgage Co. v. Tracy,* 208 Cal. 205 [281 Pac. 50].)

Since a reversal is to be ordered, it is not necessary to consider other assignments of error made by appellant.

The judgment appealed from is reversed.

Thompson, Acting P. J., and Tuttle, J., concurred.
A petition for a rehearing was denied May 13, 1942, and respondent's petition for a hearing by the Supreme Court was denied June 11, 1942. *234

Cal.App.3.Dist.
Lebal Co. of America v. Mastrup
51 Cal.App.2d 232, 124 P.2d 348

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.