# EXHIBIT G



274 P.2d 484 Page 1

127 Cal.App.2d 707, 274 P.2d 484
**(Cite as: 127 Cal.App.2d 707, 274 P.2d 484)**

C
May v. Herron
Cal.App.1.Dist.
WILFRED H. MAY, Appellant,
v.
JOHN WYNNE HERRON et al., Respondents.
**Civ. No. 15947.**

District Court of Appeal, First District, Division 2, California.
Oct. 4, 1954.

HEADNOTES

**(1)** Contracts § 82--Legality--Pleading Illegality.
Though defendants in their pleadings do not allege defense of illegality of contract sued on, if evidence shows facts from which illegality appears, it is duty of court *sua sponte* to refuse to entertain action.
See **Cal.Jur.2d,** Contracts, § 106; **Am.Jur.,** Contracts, § 223.
**(2)** Evidence § 384--Extrinsic Evidence--Invalidating Contract.
Though written contract is legal on its face, parol evidence may be introduced to establish its illegal character.
See **Cal.Jur.,** Evidence, § 201 et seq.; **Am.Jur.,** Evidence, § 1098.
**(3)** Veterans § 8.1--Veterans' Housing.
It is not sufficient to satisfy Federal Priorities Regulation No. 33, relating to construction of houses by veterans of World War II, that house is to be built on property to which veteran has title; the house to be constructed must be for veteran's own occupancy.

**(4)** Contracts § 43--Legality--Contracts in Violation of Statute.
Fact that only plaintiff is amenable to penal statute does not prevent defendant from being *in pari delicto* as to fraud and deceit involved.

**(5)** Veterans § 8.1--Veterans' Housing.
Fact that defendant veteran is a lawyer cannot absolve plaintiff of his equal responsibility for having advised owners of realty that if they had a relative who was a veteran a priority could be obtained by such relative under which a home could be constructed by plaintiff for such owners, whereupon title to property was transferred to such defendant to enable him to obtain priority for construction of home which he was not to occupy.

**(6)** Contracts § 78--Legality--Parties in Pari Delicto.
One cannot knowingly, not only participate in, but initiate, an illegal transaction and successfully urge on court that he is not *in pari delicto*.

**(7)** Contracts § 76--Legality--Enforceability of Illegal Contract.
Rule refusing recovery where illegality of contract is found is not generally applied to secure justice between parties who have made illegal contract, but from regard for higher interest of the public, whose welfare demands that certain transactions be discouraged.

SUMMARY

APPEAL from a judgment of the Superior Court of San Mateo County. A. K. Wylie, Judge. [FN*] Affirmed.

FN* Assigned by Chairman of Judicial Council.

Action to recover balance due on construction contract, and to impose a mechanic's lien on property improved. Judgment for defendants affirmed.

COUNSEL
Hoffman & Nagle for Appellant.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

274 P.2d 484        Page 2
127 Cal.App.2d 707, 274 P.2d 484
**(Cite as: 127 Cal.App.2d 707, 274 P.2d 484)**

Fitzgerald, Abbott & Beardsley and Frank V. Kington for Respondents.

DOOLING, J.

Plaintiff appeals from a judgment in favor of defendants. The action was one to recover a balance due upon a contract in writing, whereby plaintiff agreed to construct for defendants a residence building, and to impose a mechanic's lien on the property so improved. The illegality of the contract was not pleaded as a defense by the defendants. Nevertheless from evidence developed in the trial of the action the court made findings from which it concluded that the entering into and performance of the contract were in violation of Federal Priorities Regulation No. 33 and therefore illegal and void. Relief was denied to plaintiff solely on that ground.

The court found that one Newman and his wife were the owners of the real property involved in the complaint; that in the early part of 1946 they consulted with plaintiff about building a home for their occupancy on said property; that plaintiff informed the Newmans that he could not build said house for them unless they could secure a veteran's priority and that the Newmans could not secure such priority because neither was a veteran of World War II; that plaintiff told the Newmans that if they had a relative who was a veteran a priority could be obtained by such relative under which a home could be constructed by plaintiff for the Newmans; that Newman then told plaintiff that his son-in-law, the defendant John Wynne Herron, was a veteran of World War II; that (quoting the finding) "Plaintiff thereupon advised and instructed said Newman and wife to transfer the title to said property to defendants and to request the defendant, John Wynne Herron, to obtain a Veteran's Priority, and plaintiff stated that under such priority plaintiff could construct said house for said Newmans"; that pursuant to such *709 advice and instructions and with plaintiff's full knowledge the Newmans transferred the record title to defendants and requested defendant Herron to obtain a veteran's priority; that Herron obtained such priority and the same was transferred and delivered to plaintiff, with full knowledge that the record title to such property had been transferred into defendants' names pursuant to his advice and instructions; that, while the written contract was entered into between plaintiff and defendants, at all times plaintiff dealt with the Newmans as owners and as the real parties to said contract and constructed said house thereunder for the Newmans as owners and for their occupancy and at no time considered defendants as owners or the house for defendants' occupancy; that all materials used in the construction of said house were secured by virtue of said veteran's priority and the house could not have been constructed or the contract performed without it; that the contract was performed and the house built by plaintiff, to his knowledge, for the ownership and occupancy of the Newmans and when constructed was occupied and continues to be occupied by the Newmans.

The findings above summarized find support not only in defense testimony but in the testimony of the plaintiff-appellant himself (he being the first to introduce the subject in his own testimony in support of his case), with the single exception that defendants' witnesses testified that it was the plaintiff who advised the Newmans to transfer title to the defendants in order to secure the necessary veteran's priority while the plaintiff testified that he did not so advise the Newmans and that on the contrary the Newmans initiated and carried out the transfer without plaintiff's previous knowledge or advice. The trial court resolved this conflict in the evidence against the plaintiff in the finding above expressly quoted.

The applicable priorities regulation is No. 33 as amended on January 11, 1946 and effective on January 15, 1946 (Federal Register, vol. 11, p. 601). This regulation provided for the setting up of the Reconversion Housing Program of the Civilian Production Administration in order to give preference to veterans. The last sentence of section (a) provides: "Veterans of World War II who wish to build houses for their own occupancy may apply under this regulation, subject to the restrictions of this regulation."

Sections (h) (i) (p. 603) and (b) (6) (p. 604) provide *710 for the filing of an application for a priorities rating by a veteran of World War II:

"(6) Construction by veterans of World War II. A veteran of World War II may apply for an HH

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

rating to get materials to build a house *for his own occupancy.*"(Emphasis ours.)

Section (j) (p. 604) forbids the transfer of any priority rating:

"(j) Transfer of ratings forbidden. No person to whom an HH rating has been assigned shall transfer the rating to any other person (as distinguished from applying the rating to purchase orders) and any transfer attempted is void."

Section (n) (p. 604) provides:

"(n) Violations. Any person who wilfully violates any provision of this regulation or who in connection with this regulation, wilfully conceals a material fact or furnishes false information to any Department or Agency of the United States is guilty of a crime and upon conviction may be punished by fine or imprisonment. In addition, any such person may be prohibited from making or obtaining any further deliveries of, or from processing or using, material under priority control and may be deprived of priorities assistance."

Appellant argues that the regulation prohibits the doing of two things: (1) the obtaining of a priority by anyone who was not himself a veteran; and (2) the transfer of such a priority by a veteran to anyone else. Therefore, since respondents admit in their answer that they were and are the owners of the property for which the priority was obtained, and that they are the contracting parties, there can be no violation of the regulation.

(1) This argument oversimplifies the problem. It ignores: 1. The rule that even though the defendants in their pleadings do not allege the defense of illegality if the evidence shows the facts from which the illegality appears it becomes "the duty of the court *sua sponte* to refuse to entertain the action." ( *Endicott v. Rosenthal,* 216 Cal. 721, 728 [16 P.2d 673]; *Fewel & Dawes, Inc. v. Pratt,* 17 Cal.2d 85, 92 [109 P.2d 650]; *Haley v. Bloomquist,* 204 Cal. 253, 257 [268 P. 365]; *Bank of Orland v. Harlan,* 188 Cal. 413, 422 [206 P. 75]; *Industrial Indem. Co. v. Golden State Co.,* 117 Cal.App.2d 519, 527 [256 P.2d 677].)

(2) 2. Even though the written contract is legal upon its face parol evidence may be introduced to establish its illegal *711 character. "Parol evidence is always competent to show that a written contract, though lawful on its face, was illegal, or part of an illegal transaction. ..." (*Endicott v. Rosenthal, supra,* 216 Cal. p. 728;*Morey v. Paladini,* 187 Cal. 727, 739 [203 P. 760]; *De Armas v. Dickerman,* 108 Cal.App.2d 548, 552 [239 P.2d 65]; *Lebal Co. of America v. Mastrup,* 51 Cal.App.2d 232 [124 P.2d 348].)

(3) 3. It is not sufficient to satisfy Priorities Regulation 33 above quoted that the house is to be built upon property to which a veteran has title. As the language which we have emphasized above shows the house to be constructed must be for the veteran's *own occupancy.*All of the evidence shows and the court found that plaintiff knew that the house which he was constructing was intended for the occupancy of the Newmans and not that of the defendant veteran.

On the findings, which the evidence fully supports, appellant initiated, suggested and directed a conspiracy to violate and circumvent a federal regulation which had the force of law. Whether or not he was himself guilty of a criminal offense for which he could be convicted is immaterial and we need not decide that question. (4) "The fact that only the appellant is amenable to the penal statute does not prevent the respondent from being *in pari delicto* as to the fraud and deceit involved. In this case both parties understood the purpose, the nature and the probable result of the agreement entered into. ... He, therefore, cannot escape his share of the responsibility." (*Bank of Orland v. Harlan, supra,* 188 Cal. p. 422.)

The findings make it clear that appellant was *in pari delicto* with defendants. The court found that he suggested and directed the fraud upon the government authorities which induced them to issue the priority. (5) The fact that respondent Herron is a lawyer cannot absolve appellant of his equal responsibility under the facts as found. The case in this respect is distinguishable from *Marshall v. La Boi,* 125 Cal.App.2d 253 [270 P.2d 99] wherein the court found (p. 266) that neither of the plaintiffs "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

knowingly participated in any illegal transaction." It is likewise distinguishable from *Fischer v. Ostby, ante,* p. 528 [274 P.2d 221], recently decided by this court, where the plaintiff was unaware of the O.P.A. regulations which were violated. (6) One cannot, knowingly, not only participate in, but initiate, an illegal transaction and successfully urge on a court that he is not *in pari delicto.* Nor is this a case such as *712*Calvert v. Stoner,* 33 Cal.2d 97 [199 P.2d 297] and similar cases cited by appellant, where a recovery may be had in *quantum meruit* despite the partial illegality of the contract. To permit a recovery here on any theory would permit plaintiff to benefit from his wilful and deliberate flouting of a law designed to promote the general public welfare. This cannot be contenanced by the courts.

The court did not make findings on the merits but left the parties where it found them. (7) It may be that defendants and the Newmans have received an undeserved windfall, but the rule refusing recovery where the illegality of a contract is found "is not generally applied to secure justice between parties who have made an illegal contract, but from regard for a higher interest-that of the public, whose welfare demands that certain transactions be discouraged." (*Takeuchi v. Schmuck,* 206 Cal. 782, 786 [276 P. 345].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.
Cal.App.1.Dist.
May v. Herron
127 Cal.App.2d 707, 274 P.2d 484

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.