# EXHIBIT M

Westlaw.

177 F.2d 252 Page 1

177 F.2d 252
(Cite as: 177 F.2d 252)

C

West v. Conrad,
C.A.9 1949.

United States Court of Appeals, Ninth Circuit.
WEST
v.
CONRAD et al.
No. 12194.

Oct. 20, 1949.

Mabel E. West sued W. E. Conrad and another under the Housing and Rent Act to recover liquidated damages in treble the amount of excess rental paid.

The District Court for the Southern District of California, Central Division, Leon R. Yankwich, J., rendered judgment for the defendants, and plaintiff appealed.

The Court of Appeals, Bone, Circuit Judge, reversed the judgment and remanded the cause and held that the original intention of the parties to use the rented premises as a rest home was not controlling as to whether they were 'housing accommodations' within the meaning of the statute but that a finding should be made as to whether the premises were actually used as housing accommodations.

West Headnotes
[1] Evidence 157 ☞437

157 Evidence
    157XI Parol or Extrinsic Evidence Affecting Writings
        157XI(B) Invalidating Written Instrument
            157k437 k. **Illegality**. Most Cited Cases
**Parolevidence** is admissible to show the legality or **illegality** of a contract.

[2] Evidence 157 ☞437

157 Evidence
    157XI Parol or Extrinsic Evidence Affecting Writings
        157XI(B) Invalidating Written Instrument
            157k437 k. Illegality. Most Cited Cases
In action by lessee against lessor under Housing and Rent Act to recover liquidated damages in treble the amount of excess rental paid under written lease providing that property could be used for any lawful purpose parol evidence to show that property was actually intended by parties to be used for business purposes was admissible. Housing and Rent Act of 1947, § 205, 50 U.S.C.A. Appendix, § 1895.

[3] War and National Emergency 402 ☞216.1

402 War and National Emergency
    402II Measures and Acts in Exercise of War and Emergency Powers
        402II(C) Regulation of Rents and Housing
            402k216 Suits to Recover Overcharges and Penalties
                402k216.1 k. In General. Most Cited Cases
    (Formerly 402k216)
In action by lessee against lessor to recover liquidated damages in treble the amount of excess rental paid, finding that house was intended to be used as a "rest home" and not for housing or dwelling purposes within scope of Housing and Rent Act was insufficient to support conclusion that lessors had not received payments of excess rent so that trial court would be required to find whether premises were actually used as housing accommodations. Housing and Rent Act of 1947, § 205, 50 U.S.C.A.Appendix, § 1895.

*253 George W. Manierre and Paul G. Breckenridge, Los Angeles, Cal., for appellant.
Arnold Leader, Leonard Wilson, Los Angeles, Cal., for appellees.

Before BONE and POPE, Circuit Judges, and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03541-MMC    Document 29-14    Filed 12/10/2007    Page 3 of 4

Page 3 of 4

177 F.2d 252

Page 2

177 F.2d 252
(Cite as: 177 F.2d 252)

BLACK, District Judge.
BONE, Circuit Judge.
Appellee, W. E. Conrad, defendant below, is the owner of a duplex house in Los Angeles, California. An OPA ceiling rental on one-half of the house (an eight room unit with which this case is concerned) had been established at $75 per month. Prior to February 1, 1947 the unit had been rented by appellee for that amount. The house was situated in a district which was primarily residential but which had been zoned for business. Appellee advertised in newspapers seeking to rent the property for business purposes.

Appellant, Mabel E. West, answered the advertisement and on March 4, 1947 rented the property for a period of two years under a written lease at a rental of $350 per month. A term of the lease provided that the property ('that certain Studio dwelling house and its appurtenances') was to be used as a 'Guest House or for any other lawful purpose.' The evidence indicated (and the trial court so found) that when the lease was executed, the parties intended for appellant to use the house for a ' rest home' for ambulatory patients. Appellant and her husband then owned a sanitarium in another part of the city.

Appellant occupied the premises (together with various subtenants, some of whom were apparently ' patients') for more than a year, paying the $350 rental each month. She then learned of the $75 ' ceiling' and brought this action to recover liquidated damages in treble the amount of excess rental paid in the past year, under authority of Sec. 205 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix § 1895. Appellant seeks to recover in this action the total amount of $9,900 (three times the amount of $3,300, the alleged overcharge) plus costs and a reasonable attorney's fee.

The trial court, after hearing the evidence, found (Finding VI): 'that at the time of making of said lease as heretofore mentioned, it was the mutual intention and contemplation of the parties that the premises were to be used by the plaintiff for business purposes, more particularly, for the purpose of plaintiffs conducting therein a rest home for ill and infirm persons or so-called patients of an ambulatory nature, and not for the purpose of plaintiff occupying said premises for housing or dwelling purposes within the scope of said term as used in the Housing and Rent Act of 1947, or said Act as amended.'

Thereupon, it concluded that defendant had not violated the provisions of the Act, and accordingly entered judgment for the defendant. This appeal is from that judgment.

[1][2] Appellant contends that since the written lease provided that the property could be used for any lawful purpose, evidence to show that a narrow particular purpose was actually intended by the parties should have been excluded by the parol evidence rule. We do not agree. **Parol evidence** is admissible to show the legality or **illegality** of a contract.[FN1] If the *254 exact terms of a lease were controlling in cases brought under the Housing and Rent Act, the policy of Congress ('for the prevention of inflation and for the achievement of a reasonable stability in the general level of rents * * * ', 50 U.S.C.A.Appendix, § 1891(b)) could easily be circumvented. The Housing Expediter has provided in Rent Regulation 1138.1181, section 2, 11 F.R. 12055, October 16, 1946 that 'Regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, no person shall offer, demand or receive any rent for or in connection with the use or occupancy * * * of any housing accommodations * * * higher than the maximum rents * * * .'

An important question is whether the findings support the conclusions and judgment. The court made no finding concerning the actual use to which the property was put (i.e., whether it was used as a ' housing accommodation' or as a business outside the scope of housing accommodations). The issue here was determined solely from what the court found to be the original intention of the parties. We think that the trial court should have determined and found whether the premises were, or were not, actually used for and 'housing accommodations.' (See definition of housing accommodations, infra.) There is authority for the principle that even if the original intention of the parties was that

Case 3:07-cv-03541-MMC    Document 29-14    Filed 12/10/2007    Page 4 of 4

Page 4 of 4

177 F.2d 252

Page 3

177 F.2d 252
(Cite as: 177 F.2d 252)

property was to be used for a 'non-housing business,' if it was subsequently used for dwelling purposes, and the lessor knew of this use, the Act would apply.[FN2] We see no reason to quarrel with this view of the law. The record shows that appellee lived in the other half of the duplex house and was therefore in position to know the actual character of the occupancy by appellant.

Further, the finding quoted above does not appear to resolve, from a factual standpoint, the question of whether or not the property actually was a 'housing accommodation.' Section 202 of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892, defines 'housing accommodations' as, 'any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property.'

Regulations promulgated by the expediter do not further define the term. However, it will be seen that some 'businesses' (apartments, rooming-houses and boarding-houses, i.e., those which furnish to others dwelling places and services normally incident thereto) are within the scope of the Act. See Woods v. Cohen, note 2 supra. Commercial businesses (e.g. stores, offices, etc.) are clearly not covered by the Housing Act. Thus the trial court's finding that a business was intended by the parties does not sufficiently aid in determining whether the unit was an actual 'housing accommodation.'

The more particular finding that a 'rest home for ill and infirm persons' was intended also failed to resolve this particular issue. The terms 'rest home' and sanitarium are not defined in the Act or regulations and they do not appear to identify any particular type of enterprise or activity either within or without its scope and applicability. A 'rest home' or sanitarium of course furnishes a dwelling place for its patients or occupants. If may also furnish, to a greater or lesser degree, services not normally incident to housing accommodations, e.g., nursing and medical care and attention.

[3] The issue is whether this particular rest home was or was not a 'housing accommodation' within the scope of the *255 statutory definition. Its status must be determined by whether the primary use of the property was the furnishing of a mere dwelling place for its occupants, or the furnishing of medical and nursing facilities to its patients. The finding that the house was intended to be used as a rest home and not for housing or dwelling purposes (in the absence of determination of the issues discussed above) was not sufficient to support the conclusion that appellee had not received payments of excess rent (Finding VII to this effect is in essence a conclusion of law).

Without additional findings of the character above indicated, we are unable to determine the validity of the conclusions of law and judgment. The case is therefore remanded to the trial court with directions to make and enter such further findings with leave to amend the conclusions of law and judgment to conform to the findings.

FN1. Norfolk Southern Bus Corp. v. Virginia Dare Transportation Co., 4 Cir., 159 F.2d 306, certiorari denied 331 U.S. 827, 67 S.Ct. 1349, 91 L.Ed. 1842; Atchison, T. & S.F. Ry. Co. v. Judson Freight Forwarding Co., D.C. 49 F.Supp. 789, affirmed National Carloading Corp. v. Atchison, T. & S.F. Ry Co., 9 Cir., 150 F.2d 210.

FN2. Paxson v. Smock, D.C., 73 F.Supp. 793, cf. Woods v. Cohen, 5 Cir., 171 F.2d 888.

C.A.9 1949.
West v. Conrad
177 F.2d 252

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.