1   Donna M. Mezias (State Bar No. 111902)
    dmezias@jonesday.com
2   Catherine S. Nasser (State Bar No. 246191)
    cnasser@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone:    (415) 626-3939
5   Facsimile:    (415) 875-5700

6   Attorneys for Defendant
    INTERNATIONAL BUSINESS MACHINES
7   CORPORATION

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11

12  **Tom Chau, individually and on behalf of**        **Case No. C07-03541 MMC**
    **all others similarly situated,**

13                                                      **SUPPLEMENTAL REPLY IN**
                        **Plaintiff,**                  **SUPPORT OF DEFENDANT'S**
                                                        **MOTION FOR SUMMARY**
14          **v.**                                      **JUDGMENT**

15  **International Business Machines, a**
    **Corporation, and DOES 1-20, inclusive,**           Judge:     Hon. Maxine Chesney
16                                                                  Courtroom 7, 19th Floor
                       **Defendant.**
17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    Introduction ..................................................................................................................... 1

4    II.   Argument ......................................................................................................................... 2

5          A.    Chau's Declaration Does Not Fall Within The "Invalidity" Exception.................. 2

6          B.    Chau Is Legally Precluded From Invoking The "Invalidity" Exception ................ 4

7    III.  Conclusion ....................................................................................................................... 5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

**Page**

2

### FEDERAL CASES

3

4

*Cundiff v. Miles Inc.*, 1995 WL 790616 (C.D. Cal. Dec. 11, 1995)............................................ 1, 3

5

*Law v. Harvey*, 2007 WL 2990426 (N.D. Cal. Oct. 11, 2007) ...................................................... 1, 2

6

*McCray v. Casual Corner, Inc*., 812 F.Supp. 1046 (C.D. Cal. 1992)............................................ 1

7

*Reynov v. ADP Claims Serv. Group, Inc.*,
         2007 U.S. Dist. LEXIS 31631 (N.D. Cal. April 30, 2007) ........................................ 4, 5

8

*West  v. Conrad*, 177 F.2d 252 (1949) .......................................................................................... 3

9

10

### STATE CASES

11

12

*Alling v. Univ. Mfg. Corp.*, 5 Cal.App.4th 1412 (1992) ................................................................ 2

13

*Bank of Am. Na.l Trust & Sav. Assn. v. Pendergrass*, 4 Cal.2d 258 (1935) .................................. 2

14

*Germain Fruit Co. v. J. K. Armsby Co.*, 153 Cal. 585 (1908) ...................................................... 3

15

*Homami v. Iranzadi*, 211 Cal.App.3d 1104 (1989)...................................................................... 3

16

*Lebal Co. of Am., Ltd. v. Mastrup*, 51 Cal.App.2d 232 (1942)...................................................... 3

17

*Mitchell v. Leslie*, 39 Cal.App.4th Supp. 7 (1995)........................................................................ 3

18

*Pac. State Bank v. Greene*, 110 Cal.App.4th 375 (2003)............................................................... 3

19

*Reid v. Overland Mach. Prod.*, 55 Cal.2d 203 (1961) .................................................................. 4

20

21

### STATE STATUTES

22

Cal. Civ. Proc. Code § 1856.......................................................................................................... 1, 2

23

Cal. Labor Code § 206.5 ............................................................................................................... 2

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    **INTRODUCTION**

In his Surreply Brief on Parol Evidence ("Surreply"), Plaintiff Tom Chau ("Chau") argues

that California's parol evidence rule permits him to introduce a declaration that flatly contradicts

the written representations that he made regarding the circumstances under which he executed a

fully integrated general release and covenant not to sue ("Release").  Recognizing that his

declaration is inadmissible under the plain terms of the parol evidence rule itself, *see* Cal. Code

Civ. Pro. § 1856(a), Chau attempts to characterize his declaration as one aimed at demonstrating

the invalidity of the Release, *see id.* §§ 1856(f) & (g) – namely, a violation of the California

Labor Code section prohibiting an employer from withholding an employee's final wages until

after the employee signs a release.

For two reasons, this Court should reject Chau's effort to circumvent the parol evidence

rule and evade summary judgment:

First, as this Court recently observed, the "invalidity" exception that Chau relies upon has

long been interpreted not to encompass evidence of representations "directly at variance with the

terms of the agreement" unless they are accompanied by "some independent fact that establishes

invalidity or illegality." *Law v. Harvey*, 2007 WL 2990426 at *9 (N.D. Cal. Oct. 11, 2007).  Not

surprisingly, therefore, no case has upheld the admission of testimony that, without more, nakedly

contradicts an express term contained in an integrated contract pertaining to the contemporaneous

circumstances under which the contract was executed.  In fact, cases reach the opposite result.

*See, e.g., Cundiff v. Miles Inc.*, 1995 WL 790616 at *9 (C.D. Cal. Dec. 11, 1995) (the parol

evidence rule barred plaintiffs' testimony that they received less than the 21-day period required

under Section 626(f)(1)(F)(i) of the OWBPA to consider the release where the release was fully

integrated and expressly provided that plaintiffs were given at least 21 days after receipt to

consider the same); *McCray v. Casual Corner, Inc.*, 812 F.Supp. 1046, 1049 (C.D. Cal. 1992)

(evidence of a promise directly at variance with a promise in a written contract is not admissible.)

This is no accident, as the rule Chau urges this Court to adopt would largely nullify the utility of

the parol evidence rule by granting plaintiffs the ability to attack a lawful contract and to defeat

1  summary judgment by simply filing a declaration contesting express contractual representations

2  and thereby creating a material issue of fact regarding the contract's validity.

3      Second, Chau is legally precluded from relying on the "invalidity" exception because he

4  accepted *and retained* $9,000 in additional compensation – the severance pay – to which he was

5  indisputably *not* otherwise entitled and that comprises the consideration for the Release.  For this

6  independent reason, this Court should grant IBM's Motion.

7  **II.    ARGUMENT**

8          **A.    CHAU'S DECLARATION DOES NOT FALL WITHIN THE
                "INVALIDITY" EXCEPTION**
9

In his Surreply, Chau cites Witkin, the Restatement (2d) of Contracts, and a handful of
10
cases in support of his argument that the "invalidity" exception to the parol evidence rule is broad
11
enough to permit him to introduce his declaration on the theory that (i) his declaration asserts that
12
he was required to sign the Release to obtain his final wages; and (ii) Cal. Labor Code § 206.5
13
bars releases premised on the withholding of such wages.  But the California courts have wisely
14
chosen to read the language contained in Cal. Civ. Proc. Code §§ 1856(f) and (g) – which "does
15
not exclude" evidence where "the validity of the agreement" is at issue or "to establish illegality
16
or fraud" – in a manner that balances the need to root out fraud and illegality against the need to
17
retain the vitality of the parol evidence rule.  Under the California courts' established
18
interpretation of Sections 1856(f) and (g), Chau's argument fails.
19
For over 70 years, the California courts have refused to read the parol evidence exceptions
20
to allow a plaintiff to introduce evidence "directly at variance with the terms of [an] agreement"
21
unless he *also* "establishes some independent fact that establishes invalidity or illegality."  *Law v.*
22
*Harvey*, 2007 WL 2990426 at *9 (N.D. Cal. Oct. 11, 2007) (citing *Cont'l. Airlines, Inc. v.*
23
*McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 419 (1989)); *Alling v. Univ. Mfg. Corp.*, 5
24
Cal.App.4th 1412, 1436 (1992) ("Unless the false promise is either independent of or consistent
25
with the written instrument, evidence [of promissory fraud] is inadmissible."); *Bank of Am. Nat'l.*
26
*Trust & Sav. Ass'n. v. Pendergrass*, 4 Cal.2d 258, 264 (1935).  Chau ignores this longstanding
27
legal principle and, without even attempting to carry his burden of showing additional
28

1  independent facts to establish invalidity, urges this Court to admit parol evidence to contradict the

2  Release's express written representations that the consideration for the Release was payment to

3  which he was *not* otherwise entitled and that he did *not* rely on oral representations to the

4  contrary.  (Williams Dec., Ex. A, p. 2.)

5       The cases cited by Chau do not support his selective reading of the requirements of the

6  "invalidity" exception.  In these cases, the courts admitted parol evidence, but only to show the

7  independent fact of prospective non-compliance with the terms of an *ongoing* contract, *see West*

8  *v. Conrad*, 177 F.2d 252 (1949); the independent fact of the invalidity of a parallel side contract,

9  *see Mitchell v. Leslie*, 39 Cal.App.4th Supp. 7 (1995); or the independent fact that the parties

10  together engineered and agreed to a sham contract designed to accomplish and conceal their

11  illegal purpose, *see Homami v. Iranzadi*, 211 Cal.App.3d 1104, 1109 (1989); *Lebal Co. of Am.,*

12  *Ltd. v. Mastrup*, 51 Cal.App.2d 232 (1942).  Chau appears to place special reliance on *Mitchell*

13  (Surreply at 4), but the parol evidence admitted in that case, as noted above, "was offered to show

14  the invalidity of the separate . . . agreement and was not offered to vary the terms of the written

15  agreement between the parties," 39 Cal.App.4th Supp. at *13.  This Court should decline Chau's

16  apparent invitation to read *Mitchell* more broadly, as such a reading would be inconsistent with

17  the Supreme Court's decision in *Pendergrass* and its progeny.  *See, e.g.*, *Pac. State Bank v.*

18  *Greene*, 110 Cal.App.4th 375, 396 (2003) (reaffirming *Pendergrass* except in narrow situation

19  where a party misrepresents the content of a contract).

20       Indeed, allowing parol evidence to contradict express terms such as those in the Release –

21  without also requiring proof of some independent facts establishing invalidity – would "destroy

22  one of the greatest barriers against fraud and perjury," *Germain Fruit Co. v. J. K. Armsby Co.*,

23  153 Cal. 585, 596 (1908), and "open the door to all evils that the parol evidence rule was

24  designed to prevent," *Pendergrass*, 4 Cal.2d at 264.  That is because it would invite plaintiffs to

25  submit declarations to challenge otherwise valid, integrated written agreements, which would

26  largely eviscerate the point of incorporating express terms into integrated contracts in the first

27  place.  That should not be, and is not, the law.  *See, e.g., Cundiff*, 1995 WL 790616 at *9 (not

28

Supplemental Reply In Support of Defendant's          - 3 -                    Case No. C07-03541 MMC
Motion For Summary Judgment

1    permitting plaintiff to contradict representation regarding 21-day reconsideration period in

2    release).

3    　　　　As IBM demonstrated in its Reply in Support of Summary Judgment ("Reply") (at 2-4),

4    Chau represented and agreed in a fully integrated written document that the consideration for the

5    Release was separation pay "to which [he] would not have been entitled had [he] not signed this

6    Release," and that he did not rely on any contrary oral representations "in connection with [his]

7    voluntary decision to accept the consideration."  He cannot now introduce self-serving evidence

8    to contradict these representations and sidestep the parol evidence rule.

9    　　　　**B.　　CHAU IS LEGALLY PRECLUDED FROM INVOKING THE**
**　　　　　　　"INVALIDITY" EXCEPTION**

10

11    　　　　In any event, Chau cannot invoke the "invalidity" exception because he accepted and

12    retained more than $9,000 in separation payments, over and above any monies to which he was

13    indisputably due.  The Court should reject Chau's reliance on the "invalidity" exception for this

     reason as well.

14
     　　　　Specifically, as this Court has recognized, under California law where a good faith dispute

15    exists as to wages due, and a party accepts "payment beyond the indisputably owed amount" in

16    settlement of that controversy, "a legally binding settlement" is created.  *See Reynov v. ADP*

17    *Claims Servs. Group, Inc.*, 2007 U.S. Dist. Lexis 31631 at *8 (N.D. Cal. April 30, 2007).  This

18    Court based its statement in *Reynov* on an analysis of the California Supreme Court's decision in

19    *Reid v. Overland Mach. Prods.*, 55 Cal.2d 203 (1961).  There, a proposed accord and satisfaction

20    of a wage dispute was declared void where the defendant had offered the plaintiff only amounts

21    that it concededly owed him.  *See Reid*, 55 Cal.2d at 206 (noting that "Defendant sent plaintiff a

22    check for $792.14 bearing an endorsement that the payment was 'payment in full for all

23    commissions due' under the contract").  But, as *Reynov* also recognized, the *Reid* court "implied

24    that acceptance of payment beyond the indisputably owed amount would have constituted a

25    legally binding settlement of the controversy."  *Reynov*, 2007 U.S. Dist. Lexis 31631 at *7.

26    　　　　Applying these principles, and regardless of what Chau alleges he was told, Chau

27    accepted and retained "payment beyond the indisputably due amount."  Further, he did so under

28

1  circumstances in which it would be unjust to allow him to invoke the "invalidity" exception to

2  sidestep the Release.  In this regard, as IBM noted in its prior papers (Motion at 2-3; Reply at 4),

3  IBM repeatedly advised Chau to seek the advice of counsel prior to executing his Release.  On

4  the day he signed the agreement, IBM paid Chau his salary, vacation pay, *and* more than $9,000

5  in additional severance pay to which he was entitled only because he signed the Release.  At that

6  point, however, the Release was not yet effective.  Chau had one week to revoke it and to prevent

7  it from becoming effective, and he could have done so by returning the severance pay alone –

8  retaining the salary and vacation pay to which he was indisputably entitled.  Instead, Chau chose

9  not to revoke, and he has not returned the severance payment that he received.  Chau should not

10  be able to retain the additional severance compensation that he received only because of his

11  bargain, while at the same time escaping the binding settlement of his claims.  In short, and under

12  these circumstances, Chau's acceptance and retention of his severance benefits "constitute[s] a

13  legally binding settlement of the controversy" he seeks to press in this litigation.  *Reynov*, 2007

14  U.S. Dist. Lexis 31631 at *7.  This Court should reject Chau's allegation of invalidity for this

15  reason as well.

16  **III.    CONCLUSION**

17      For the foregoing reasons, as well as those set forth in IBM's moving papers, this Court

18  should grant IBM's Motion for Summary Judgment and dismiss this matter in its entirety with

19  prejudice.

20

21  Dated: December 19, 2007                    Respectfully submitted,

22                                              Jones Day

23

24                                              By:  /S/ Donna M. Mezias
                                                     Donna M. Mezias
25                                              Counsel for Defendant
                                                INTERNATIONAL BUSINESS MACHINES
26                                              CORPORATION

27

28  LAI-2920634v7

---

Supplemental Reply In Support of Defendant's          - 5 -                    Case No. C07-03541 MMC
Motion For Summary Judgment