United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CHAU, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES, a Corporation, and DOES 1-20, inclusive,<br><br>Defendants. | No. C 07-3541 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendant's motion for summary judgment, filed October 12, 2007. The matter came on regularly for hearing on November 30, 2007. Kevin J. McInerney and Kelly McInerney of McInerney & Jones appeared on behalf of plaintiff; Donna J. Mezias and Catherine S. Nasser of Jones Day appeared on behalf of defendant.

The Court, for the reasons stated at the November 30, 2007 hearing, having determined in favor of defendant all issues presented in said motion concerning the enforceability of the General Release and Covenant not to Sue ("Release"), with the exception of the application thereto of California's parole evidence rule, see Cal. Code Civ. Proc. § 1856,[1] and having read and considered the parties' supplemental submissions with respect to such remaining issue, hereby finds the Declaration of Tom Chau, filed November 9, 2007 ("Declaration"), and in particular, paragraph 4 thereof, is not made inadmissible by

---

[1] All of the claims brought in the instant action allege violations of California law. The parole evidence rule is not a rule of evidence but rather a rule of substantive law. In re Gaines' Estate, 15 Cal.2d 255, 264 (1940).

said rule.

In that regard, the Court finds the Declaration, if accepted as true by the trier of fact, would render the Release void as in violation of statutory law and against public policy. See Cal. Labor Code §206.5 (precluding release conditioned on payment of undisputed wages); Homani v. Iranzadi, 211 Cal.App.3d 1104, 1109 (1989) (holding "contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute. . ., is void").

Consequently, the Declaration is relevant and admissible to show the Release is unenforceable, irrespective of whether such evidence contradicts the terms of the Release. See Cal. Code Civ. Proc. § 1856 (g) (providing exception to parole evidence rule for purposes of showing illegality); Homani, 211 Cal.App.3d. at 1112 (holding "even though a written contract is legal on its face, evidence may be introduced to establish its illegal character"; finding evidence of oral terms contrary to express terms of written agreement admissible); Lebal Co. of America, LTD v. Mastrup, 51 Cal.App.2d 232, 233 (1942) (holding "[p]arole evidence is always competent to show that a written contract lawful on its face, is illegal"); Mitchell v. Leslie, 39 Cal.App.4th Supp. 7, 12-13 (1995) (holding evidence of oral agreement by which landlord conditioned lease of apartment on lease of furniture admissible to show furniture lease invalid as in violation of local ordinance, despite express terms of written agreement stating no such contingency existed; finding no violation of parole evidence rule "where the validity or legality of an agreement is the fact in dispute").[2]

The California cases on which defendant relies are distinguishable; those decisions concern the admissibility of oral promises to show fraud, which implicates policy considerations different from those underlying the exception applicable herein. See, e.g., Bank of America Nat. Trust & Savings Ass'n v. Pendergrass, 4 Cal.2d 258, 263 (1935) (holding evidence of promissory fraud barred by parole evidence rule where promise

---

[2], The Court makes no finding herein with respect to defendant's argument that plaintiff, by failing to return the severance payment, is estopped from raising invalidity. Such argument was raised for the first time in defendant's supplemental reply brief and, consequently, plaintiff has not had an opportunity to address it.

2

directly at variance with promise in written agreement; noting if such evidence were admitted, "the party seeking to enforce the written agreement according to its terms, would always be guilty of fraud") (internal quotation and citation omitted); Continental Airlines v. McDonnell Douglas Corp., 216 Cal.App.3d 388, 419 (1989) (citing Pendergrass) (holding "fraud exception" to parole evidence rule inapplicable where "promissory fraud" based on promise inconsistent with writing).  Similarly, defendant's reliance on McCray v. Casual Corner, Inc., 812 F.Supp. 1046 (C.D. Cal. 1992) and Law v. Harvey, 2007 WL 2990426 (N.D. Cal. Oct. 11, 2007) is misplaced, as each such decision concerned a claim of promissory fraud. See McCray, 812 F.Supp. at 1049 (holding parole evidence rule barred admission of oral promise not to enforce written agreement); Law at *8-*9 (citing Continental Airlines) ("In essence, Law alleges promissory fraud, i.e., that Harvey misrepresented his intention to comply (in the future) with the terms of the dissolution agreement and . . . operating agreement").[3]

       Accordingly, defendant's motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 3, 2008

                                      MAXINE M. CHESNEY
                                      United States District Judge

---

[3]Although another district court decision cited by defendants, Cundiff v. Miles Inc., 1995 WL 790616 (C.D. Cal. Dec. 11, 1995), is closer factually to the instant matter, the Court is not persuaded by its reasoning, as each of the two cases on which that court relied address assertions of promissory fraud. See id. at *9.