[Counsel for Parties listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tom Chau, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**International Business Machines, a Corporation, and DOES 1-20, inclusive,**<br><br>**Defendant.** | **Case No. C07-03541 MMC**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   April 4, 2008<br>Time:  10:30 a.m.<br>Judge: Hon. Maxine Chesney<br>        Courtroom 7, 19th Floor |

Named Plaintiff Tom Chau ("Plaintiff") and Defendant International Business Machines Corporation ("IBM" or "Defendant"), through their respective counsel, have conferred regarding case management issues, as required by Federal Rule of Civil Procedure 26(f). The parties hereby submit the following Joint Case Management Statement to this Court.

**1.   Jurisdiction and Service**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). There are no issues regarding jurisdiction or venue, and IBM, the only named defendant in this matter, has been served.

**2.   Facts**

As the parties reported in their October 26, 2007 Joint Case Management Statement (Doc. No. 16), between December 2000 and February 2004, Defendant IBM employed Plaintiff in a

sales position. During his tenure, Defendant classified Plaintiff as an exempt employee for purposes of California wage laws. At the time of his separation, and in exchange for valuable consideration to which he was not otherwise entitled, Plaintiff executed a release that purported to waive all claims related to his employment (the "Release"). Plaintiff later filed a Complaint alleging, on behalf of himself and a putative class, that IBM violated various California wage laws.

On October 12, 2007, IBM moved for summary judgment based on the Release. On March 3, 2008, the Court denied the motion, ruling that Plaintiff had created a material factual issue as to enforceability of the Release through his submission of an alleged out-of-court statement by his manager to the effect that Plaintiff allegedly needed to execute the Release in order to receive his final paycheck.

At the November 30, 2007 oral argument on IBM's summary judgment motion, the Court suggested that, if the summary judgment motion were denied, the parties carve out any factual issues related to enforceability of the Release and proceed to trial on such issues before embarking on class action proceedings. The parties have discussed this approach and agree that it would be sensible for the Court to hold a trial on the issue of whether Plaintiff is barred by the Release, or by his receipt and retention of consideration under the Release, from asserting the claims in this case before the parties proceed to litigate the remaining claims asserted in the lawsuit.

The parties respectfully request that this Court set a trial date for this purpose in July 2008. The parties further request that the issues related to the Release be resolved prior to the establishment of a case schedule for other proceedings in this matter. As such, the parties request that this Court permit them to defer discussion of other factual issues in dispute to an additional Joint Case Management Statement that the parties would file (if necessary) following the resolution of a trial on the above-discussed threshold issues.

**3.    Legal Issues**

The parties respectfully request that they be permitted to defer discussion of additional legal issues to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**4.    Motions**

The parties respectfully request that they be permitted to defer discussion of additional motions to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**5.    Amendment To The Pleadings**

The parties propose that this Court establish April 30, 2008 as the deadline for amending the pleadings in this matter.

**6.    Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of document destruction programs and the ongoing erasures of e-mails, voice mails, and other electronically stored material.

**7.    Disclosures**

The parties propose that this Court permit them to limit the exchange of Fed.R.Civ.P. 26 initial disclosures at this time to the issues that will be the subject of a trial on the threshold factual issues discussed above. The parties have agreed to exchange such disclosures by April 30, 2008. The parties would address timing of further disclosures in an additional Joint Case Management Statement to be filed (if necessary) following that trial.

**8.    Discovery**

The parties will engage in limited discovery related to issues concerning the Release but otherwise propose that discovery in this matter be deferred until after a trial on the threshold factual issues discussed above. Following that trial, the parties would submit an additional Joint Case Management Statement (if necessary) that would address their discovery plan for this case.

**9.     Class Actions**

The parties respectfully request that they be permitted to defer discussion of class-related proceedings to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**10.    Related/Other Cases**

On July 20, 2007, a complaint was filed against IBM in the Eastern District of California in which the plaintiffs allege, among other things, that IBM misclassified certain sales representatives for purposes of California wage law. *See Bennett et al. v. International Business Machines Corporation*, Case No. 2:07-CV-01485-GEB-EFB. As in the present case, the *Bennett* plaintiffs have brought claims on behalf of themselves and a putative California class. Unlike the present case, however, the *Bennett* plaintiffs also allege that IBM misclassified certain sales representatives for purposes of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and they have indicated that they will seek collective action certification of a nationwide (as opposed to state-wide) class. The parties are still considering whether the *Bennett* case satisfies the definitions of either a "related" case or an "other" case under this Court's Local Rules. The parties will further address this issue in an additional Joint Case Management Statement to be filed (if necessary) after a trial on the threshold factual issues discussed above.

**11.    Relief**

The parties respectfully request that Plaintiff be permitted to defer discussion of requested relief to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**12.    Settlement and ADR**

The parties have filed their ADR Certifications, in compliance with ADR Local Rule 3-5. The parties respectfully request that they be permitted to defer further ADR filings and further discussion of settlement prospects until after a trial on the threshold factual issues discussed above.

**13.     Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings in this matter.

**14.     Other References**

The parties do not believe that this matter is suitable for reference to binding arbitration or a special master. The parties respectfully request that they be permitted to defer discussion of potential reference to the Judicial Panel on Multidistrict Litigation to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**15.     Narrowing of Issues**

As noted, there are threshold factual issues that could resolve Plaintiff's claims in this matter. The parties respectfully request that they be permitted to defer discussion of other potential methods for narrowing the issues to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**16.     Expedited Schedule**

Other than as discussed above, the parties do not believe that this matter may be resolved on an expedited schedule.

**17.     Scheduling**

The parties respectfully request that they be permitted to defer discussion of proposed dates for the designation of experts, discovery cutoff, motions for class certification, hearing of any additional dispositive motions, pretrial conference, and trial to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**18.     Trial**

The parties respectfully request that they be permitted to defer discussion of issues related to trial on the merits of the wage and hour claims to an additional Joint Case Management Statement to be filed (if necessary) following a trial on the threshold factual issues discussed above.

**19.   Disclosure of Non-Party Interested Entities or Persons**

On July 9, 2007, Defendant filed its Certification of Interested Entities or Persons. Defendant restates that, as of this date, other than the named parties, there is no such interest to report.

**20.   Other Matters**

The parties do not wish to raise other matters with the Court at this time.

Dated: March 28, 2008

Respectfully submitted,

MCINERNEY & JONES

By:   /s/ Kevin J. McInerney
　　　　Kevin J. McInerney

Kevin J. McInerney
kevin@mcinerneylaw.net
Charles Aubrey Jones
caj@mcinerneylaw.net
Kelly McInerney
kelly@mcinerneylaw.net
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
(775) 849-3811
Fax: (775) 849-3866
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated March 28, 2008 | JONES DAY |
| 2 | | |
| 3 | | By:   /s/ Donna M. Mezias<br>Donna M. Mezias |
| 4 | | Donna M. Mezias (State Bar No. 111902)<br>dmezias@jonesday.com |
| 5 | | Catherine S. Nasser (State Bar No. 246191)<br>cnasser@jonesday.com |
| 6 | | JONES DAY<br>555 California Street, 26th Floor |
| 7 | | San Francisco, CA  94104<br>Telephone:    (415) 626-3939 |
| 8 | | Facsimile:    (415) 875-5700 |
| 9 | | Matthew W. Lampe (admitted *pro hac vic*e) |
| 10 | | mwlampe@jonesday.com<br>JONES DAY |
| 11 | | 222 East 41st Street<br>New York, NY 10017 |
| 12 | | Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306 |
| 13 | | *Admitted in Ohio not in New York* |
| 14 | | Attorneys for Defendant<br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION |
| 15 | | |
| 16 | SFI-580619v4 | |